■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROBERT ANTHONY FARRUGGIA, Appellant.— Judgment unanimously affirmed. Memorandum: The appellant has been convicted of grand larceny, second degree, in violation of section 155.35 of the Penal Law. The indictment charged that he "feloniously stole property, to wit, a sum of United States currency in excess of $1500" from Jeffrey Ring. The gist of the case is that appellant, after explaining that he was a diamond merchant who could help Ring double or triple his money in 30 days, borrowed $5,000 from Ring. When Ring later demanded the money back, appellant said he needed $3,000 more to cover some deficient accounts but that he would give Ring a briefcase containing 28 or 29 diamonds worth $50,000 to $80,000 as collateral security. Ring lent him an additional $3,000. The "diamonds" were imitations worth about $1.50 each. Mr. Ring has not been repaid his $8,000. This appeal questions the sufficiency of the indictment, the court's receipt of evidence of false pretenses, and the sufficiency of the court's charge. Appellant urges that the indictment does not comply with CPL 200.50 (subd. 7) requiring a plain and concise statement of facts supporting the offense charged because it does not allege that the larceny was committed by false pretenses. The offense charged is larceny. False pretense is an evidentiary allegation of the means used to commit the crime and need not be specifically alleged. (CPL 200.50, subd. [7]; Penal Law, § 155.45.) An indictment charging larceny generally is supported by proof of any conduct constituting larceny as defined by section 155.05 of the Penal Law, except where property is taken from the person or obtained by extortion. (Penal Law, § 155.45, subd. 2.) CPL 200.50 (subd. 7) is a re-enactment of similar provisions of the Code of Criminal Procedure. We find no reason to infer that these provisions of the Criminal Procedure Law enacted after section 155.45 of the Penal Law impliedly repealed it. Inasmuch as the indictment was sufficient to charge larceny by false pretenses, evidence that this means of theft was practiced upon Ring was properly received. The court's charge did not explain thoroughly the elements of a misrepresentation of fact and reliance

on the part of the victim that are involved in a larceny by false pretenses. No exceptions or requests were made by defendant's counsel as required by CPL 470.05 (subd. 2) to preserve legal errors for review and we may reverse only in the interests of justice. (CPL 470.15, subd. 6, par. [a]; see CPL 470.05, subd. [4].) Reading the charge as a whole and viewing its effect against the evidence at trial, we do not find grounds for reversal. (*People* v. *Crumble*, 286 N. Y. 24.) (Appeal from judgment of Monroe County Court convicting defendant of grand larceny, second degree.) Present — Goldman, P. J., Del Vecchio, Marsh, Cardamone and Simons, JJ.