■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v BRYAN REAP, Respondent.—Appeal from an order of the County Court of Chemung

County, entered March 16, 1978, which granted defendant's motion to withdraw his plea of guilty and dismissed the indictment charging him with attempted criminal sale of a controlled substance in the sixth degree and grand larceny in the third degree. On April 21, 1977 the defendant sold some tablets to an undercover police agent for $1,250. At the time of sale the defendant advised the police officer that the tablets were "speed". Defendant was subsequently arrested for the sale of drugs. However, a laboratory check of the tablets indicated they were not a controlled substance but were, in fact, caffeine. On November 4, 1977 the defendant, with his attorney present, pleaded guilty to the first count of the indictment, i.e., the attempted sale, in full satisfaction of the indictment. Thereafter and before sentencing, the court's attention was called to a recently decided case, *People v Rosenthal* (91 Misc 2d 750), in which it was stated that the sale or offer to sell a noncontrolled substance was not a crime under the laws of the State of New York on the theory that there is no physical corpus and, accordingly, granted a motion to withdraw the plea of guilty and to dismiss the indictment. First we would note that the People's right to appeal in a criminal prosecution is governed by statute (see CPL 450.20) and, in the absence of a specific statutory grant to appeal, the court is without jurisdiction. While there is no provision for appeal by the People from a court order allowing withdrawal of a plea of guilty, there is a right of appeal by the People from an order dismissing an accusatory instrument. Section 110.10 of the Penal Law provides that impossibility is not a defense to an attempt to crime. Accordingly, the order insofar as it dismisses the indictment should be reversed and the indictment reinstated. Appeal from so much of order as granted motion to withdraw plea of guilty dismissed; order insofar as it dismissed indictment reversed, on the law and the facts, and indictment reinstated. Mahoney, P. J., Greenblott, Staley, Jr., Mikoll and Herlihy, JJ., concur.