THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EARL HAWKINS, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered November 12, 1975, convicting him of criminal sale of a controlled substance in the first and third degrees, upon a jury verdict, and imposing sentence. Judgment affirmed. The trial court instructed the jury that even if it was unable to find that the substance actually sold to the undercover police officer was, in fact, a controlled substance, it could still convict the defendant of sale of a controlled substance if it further found that he knowingly offered to sell a controlled substance and genuinely believed that the substance transferred was actually such. The latter theory of guilt set forth by the court was based upon the "offer or agreement" definition of "to sell". The charge was improper since the alternative theory of guilt would properly only support a conviction of attempted sale, not a consummated sale, and the "attempt" crimes were never charged to the jury (see *People v Gonzales,* 66 AD2d 828; *People v Giarratano,* 62 AD2d 1042). Nevertheless, the error is harmless beyond a reasonable doubt since the attempt crimes are equivalent in degree and severity of punishment to the consummated sale crimes (see Penal Law, § 110.05, subds 1, 3) and the evidence is legally sufficient to support convictions of either one or the other (the People, *inter alia,* presented expert testimony that one of the substances sold contained heroin and the other contained cocaine, and the defense presented an expert who opined that the People's tests were inconclusive). We find defendant's remaining claims (including the claim that the record was inadequate) to be entirely without merit. Titone, J. P., Shapiro, Martuscello and Mangano, JJ., concur.