OPINION OF THE COURT
Joseph Harris, J.
Motion by defendant to inspect the Grand Jury minutes pursuant to CPL 210.20 (subd 1, par [b]) and 210.30, and for an order of the court dismissing the indictment upon the grounds that the evidence submitted to the Grand Jury was not legally sufficient to support the offense charged against the defendant, to wit: criminal possession of marihuana in the first degree, in violation of section 221.30 of the Penal Law.
The defendant contends that under the Marihuana Reform Act of 1977 (L 1977, ch 360 — now reflected in art 221 of the Penal Law), the standard of measurement for determining the weight of marihuana required to violate the law was changed from the pre-existing "aggregate weight” standard to a "pure *877 weight” standard. He is correct. (See People v Davis, 95 Misc 2d 1010.)
The "pure weight” standard requires proof that the requisite weight of "pure” marihuana is present, as that is defined in section 3302 of the Public Health Law (which governs the definition of marihuana for criminal purposes under article 221 of the Penal Law by virtue of subdivision 6 of section 220.00 of the Penal Law), and not merely some aggregate mixture of the required weight (in this case 10 pounds or more), containing some marihuana but no specific amount thereof.
The "aggregate weight” standard required only a determination of the over-all weight of the total mixture and a qualitative analysis to determine the existence of at least some marihuana in that mixture. The "pure weight” standard requires a quantitative analysis to determine the actual weight of the marihuana itself, as that is defined in section 3302 of the Public Health Law.
Section 3302 of the Public Health Law defines marihuana as follows: "20. 'Marihuana’ means all parts of the plant of the genus Cannabis, whether growing or not; the seeds thereof; the resin extracted from any part of the plant; and every compound, manufacture, salt, derivative, mixture, or preparation of the plant, its seeds or resin. It does not include the mature stalks of the plant, fiber produced from the stalks, oil or cake made from the seeds of the plant, any other compound, manufacture, salt, derivative, mixture, or preparation of the mature stalks (except the resin extracted therefrom), fiber, oil, or cake, or the sterilized seed of the plant which is incapable of germination.”
Given a mass of ground vegetable matter, which is the usual form in which illicit marihuana appears, the state of the scientific art today is such that there is no feasible way to analyze the mass involved and determine the pure weight of the "marihuana” therein apart from the "nonmarihuana” in the mass. This would require the expert to perform a separate test on each of the countless ground particles which comprise the mass — separating out all parts of the cannabis plant specifically listed in the governing section of the Public Health Law as "nonmarihuana”, as well as other adulterants that might be in the mixture, e.g., any other plant matter, dirt, or even bird droppings (see, again, People v Davis, supra).
Finding it for all practical purposes impossible to determine *878 the pure weight of a ground mass of marihuana, the Davis court found no alternative but to reduce the possession charge from section 221.25 of the Penal Law, a class D felony, to section 221.05 of the Penal Law, the only marihuana possession charge for which weight of the marihuana is not an element, such latter charge being a mere violation and punishable only by a fine of not more than $100. This court reaches a different result.
An indictment cannot be dismissed under CPL 210.20 (subd 1, par [b]) and 210.30 for insufficiency of evidence unless the evidence was not only legally insufficient to establish the offense charged but legally insufficient as well to establish any lesser included offense.
The Grand Jury minutes herein reflect only a qualitative analysis of the substance involved, concluding only that the aggregate weight of the substance was greater than 10 pounds and that it did in fact contain marihuana. For the reasons stated above, it being, for practical purposes, impossible for a quantitative analysis of a ground mass of vegetable matter to be performed, no proof of the "pure weight” of the marihuana in the mass was presented. Thus the proof before the Grand Jury was legally insufficient to establish the offense charged, namely, criminal possession of marihuana in the first degree, in violation of section 221.30 of the Penal Law, a class C felony, which requires as an element proof that the marihuana possessed had a "pure weight” of more than 10 pounds.
However, in this court’s view, the crime of attempted criminal possession of marihuana in the first degree, a class D felony, is a lesser included offense of first degree criminal possession of marihuana and does not require proof of the actual weight of the marihuana involved.
Section 110.00 of the Penal Law reads as follows: "A person is guilty of an attempt to commit a crime when, with intent to commit a crime, he engages in conduct which tends to effect the commission of such crime.”
Even if the crime attempted is factually or legally impossible of commission it is no defense. Section 110.10 of the Penal Law states the following: "If the conduct in which a person engages otherwise constitutes an attempt to commit a crime pursuant to section 110.00, it is no defense to a prosecution for such attempt that the crime charged to have been attempted was, under the attendant circumstances, factually or legally impossible of commission, if such crime could have been *879 committed had the attendant circumstances been as such person believed them to be.”
The crime of attempted criminal possession of marihuana in the first degree is complete when the defendant "with intent to commit” the crime of criminal possession of marihuana in the first degree (namely, the intent to possess more than 10 pounds of marihuana), engages in conduct which tends to reflect the commission of such crime (namely, possessing any marihuana).
If the defendant knowingly and unlawfully possessed any quantity of marihuana, believing same to be in excess of 10 pounds, then, whether or not the marihuana possessed in fact weighed in excess of 10 pounds is irrelevant, for under section 110.10 of the Penal Law factual impossibility of the crime charged to have been attempted is no defense "if such crime could have been committed had the attendant circumstances been as such person believed them to be.” Accordingly, for the crime of attempted criminal possession of marihuana in any degree, the actual weight of the marihuana involved is irrelevant and not an element that must be proven.
The argument herein is analogous to the reasoning employed by the Davis court in relieving marihuana sale cases from the "pure weight” dilemma. "Sale” is a broad term defined by subdivision 1 of section 220.00 of the Penal Law to include offers or agreements to sell. A bona fide offer to sell more than 16 ounces of marihuana (the amount required for the highest level of criminal sale of marihuana) would not require proof of delivery of 16 ounces of marihuana, or even the existence thereof, for the crime is complete when the bona fide offer to sell is made (People v Davis, 95 Misc 2d 1010, supra; People v Jones, 63 AD2d 582; see, also, People v Reap, 68 AD2d 964).
In People v Dlugash (41 NY2d 725) the Court of Appeals held that where the defendant attempted to murder someone by shooting him with a gun, believing the victim at the time to be alive, it was no defense that in fact the victim may have already been dead at the time of the shooting.
In People v Reap (supra) the defendant sold some tablets to an undercover police agent for $1,250, advising the police officer at the time of sale that the tablets were "speed”. Defendant was subsequently arrested for the sale of drugs. A laboratory check of the tablets thereafter indicated they were not a controlled substance but were in fact, caffeine, and the *880 defendant was indicted for an attempted sale of a controlled substance. The lower court dismissed the indictment upon the reasoning of People v Rosenthal (91 Misc 2d 750), a recent lower court case holding that the sale or offer to sell a noncontrolled substance was not a crime under the laws of the State of New York on the theory there was no physical corpus. The Appellate Division reversed and reinstated the indictment, stating that under section 110.10 of the Penal Law, "impossibility is not a defense to an attempt to crime.” (See, also, People v Rosencrants, 89 Misc 2d 721.)
Whether a person has made an attempt to commit a crime requires a focusing upon the mind and intent of the actor and not upon the result of the act (People v Bauer, 32 AD2d 463, affd 26 NY2d 915; see, also, People v Gardner, 144 NY 119; People v Moran, 123 NY 254; People v Teal, 196 NY 372, 378).
Criminal possession of marihuana in the first degree is defined by section 221.30 of the Penal Law as follows: "A person is guilty of criminal possession of marihuana in the first degree when he knowingly and unlawfully possesses more than ten pounds of marihuana.”
The evidence before the Grand Jury shows that the defendant knowingly and unlawfully possessed marihuana, and that he intended to possess marihuana (in fact he was trafficking in it extensively during the course of the day). Whether or not he believed he possessed more than 10 pounds is a question of fact for the trial jury, to be determined upon all the attendant circumstances, just as a jury determines any question of intent or state of mind; the evidence before the Grand Jury on this point is sufficient. The actual or pure weight of the marihuana being irrelevant to an attempted criminal possession thereof, nothing more is needed to sustain the indictment.
It is interesting to note that the "impossibility” feature involved in this case is not really either a factual or legal impossibility, but an "impossibility” lesser than that, and one for which the fact it is not a defense to an attempted crime is less shocking to the conscience than is the case of a truly factual or legal impossibility. What is involved here is an impossibility of proof, not an impossibility of fact or law. For all intents and purposes there is little doubt that the marihuana involved here is greater than 10 pounds in weight, and much more. The technicalities of proof arising from a well-meaning change in the law which inadvertently changed a *881 readily provable aggregate weight standard to an unprovable pure weight standard ought not, where possible, be allowed to defeat the ends of justice. The attempt section of the Penal Law is a proper vehicle to accomplish this salutory result.
Accordingly the motion to dismiss the indictment herein for insufficiency of the evidence before the Grand Jury is in all respects denied.