■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANKLIN LEE TRENT, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Suffolk County, rendered December 9, 1977, convicting him of grand larceny in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial of defendant's motion to dismiss the first count of his indictment. Judgment reversed, on the law, motion granted, first count of the indictment dismissed and a new trial ordered as to count two of said indictment. The defendant was indicted for criminal sale of a controlled substance in the third degree and grand larceny in the third degree arising from a transaction in which undercover police officers were sold common wheat flour. Prior to the commencement of the trial the People conceded that the substance was indeed flour, and the defendant moved for a dismissal of the sale count. The People opposed the motion arguing that the term to sell is defined as to offer or agree to sell. Criminal Term accepted the People's definition and denied the motion to dismiss. The denial of the motion was erroneous. To support a sale charge, evidence of a "knowing sale of a substance 'containing a narcotic drug' ", is required (see *People v Gonzales,* 66 AD2d 828, 829; *People v Hawkins,* 69 AD2d 823; *People v Giarrantano,* 62 AD2d 1042). The People had conceded that they lacked such evidence. The error resulted in substantial prejudice to the defendant at the trial. Although Criminal Term ultimately did dismiss the sale count after both sides had rested, during the trial the People offered testimony concerning the defendant's prior sales of heroin to the informant. This proof was received by the court on the theory that it demonstrated criminal intent to sell heroin in this case (see *People v Medina,* 56 AD2d 582). However, this evidence of uncharged crimes was admitted in support of a sale count which was improperly before the jury in the first place and it certainly was not relevant and necessary to the grand larceny case against the defendant (see *People v Cook,* 42 NY2d 204, 208). Because the introduction of such highly prejudicial testimony served no other purpose but to diminish the credibility of the defendant before the jury, reversal and a new trial is mandated. Lazer, J. P., Gulotta and Margett, JJ., concur; Cohalan, J., dissents and votes to affirm the judgment.