THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v GARY CULLIGAN, Respondent.—Order unanimously reversed, indictment reinstated and permission to resubmit granted memorandum: Defendant has been indicted for criminal sale of a controlled substance in the third degree (Penal Law, § 220.39, subd 1) and petit larceny (Penal Law, § 155.25). After reviewing the Grand Jury minutes, County Court granted defendant's motion to dismiss the indictment for insufficiency and denied the District Attorney's application to resubmit. The indictment charges that on November 17, 1978 defendant knowingly and unlawfully sold a white powder alleged to be a narcotic drug, cocaine, to an undercover agent for $200. In fact, subsequent laboratory tests established that the white powder was aspirin and therefore the second count

of the indictment charged that defendant "with the intent to deprive another of property by false promise" did steal property, $200, from an undercover agent by selling a white powder alleged to be a narcotic drug. The order dismissing the indictment is reversed and permission to resubmit is granted (CPL 190.75, subd 3; 210.20, subd 4). The evidence before the Grand Jury was sufficient, if uncontradicted, to establish an attempt to sell a controlled substance, notwithstanding the fact that the substance actually transferred was aspirin (see *People v Reap,* 68 AD2d 964; *People v Rosencrants,* 89 Misc 2d 721). Nothing in the Grand Jury minutes establishes that defendant knew the powder was aspirin and if he believed that it was cocaine he may be guilty of an attempt to sell a controlled substance (Penal Law, § 110.10; and see La Fave & Scott, Criminal Law, § 60, pp 438-442). The second count of the indictment charging petit larceny was also sufficient. It was not necessary to allege the manner by which the larceny was committed or the various elements of that method of committing the crime (see Penal Law, § 155.45, and Hechtman, Practice Commentaries, McKinney's Cons Laws of NY, Book 39, Penal Law, § 155.45, p 164; *People v Farruggia,* 41 AD2d 894). (Appeal from order of Livingston County Court—dismiss indictment.) Present—Simons, J. P., Hancock, Jr., Schnepp, Callahan and Moule, JJ.