■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES L. GEORGENS, Appellant. — Appeal by defendant from a judgment of the County Court, Nassau County (Marchese, J.), rendered June 25, 1982, convicting him of criminal sale of a controlled substance in the second degree, criminal sale of a controlled substance in the third degree (two counts), criminal sale of a controlled substance in the fifth degree, criminal possession of a controlled substance in the third degree (three counts) and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence.

Judgment modified, on the law, by reducing the convictions of criminal sale of a controlled substance in the third degree (seventh count) and of criminal possession of a controlled substance in the third degree (eighth count) to attempted criminal sale of a controlled substance in the fifth degree and attempted criminal possession of a controlled substance in the seventh degree, respectively, and vacating the sentences imposed thereon. As so modified, judgment affirmed and matter remitted to the County Court, Nassau County, for resentencing on counts seven and eight.

Defendant was charged with four counts of criminal sale and four counts of criminal possession of a controlled substance arising out of four sales of mushrooms containing the hallucinogen psilocybin to an undercover police officer. At trial, defendant testified that he knew the mushrooms contained psilocybin, but that he thought it was legal to possess them because he had grown the mushrooms from a kit he purchased through "High Times" magazine and had received the kit through the United States mail.

Defendant's contention that he did not know that the possession and sale of psilocybin were unlawful constitute a mistake of law, and not one of fact, and will not relieve him of criminal liability (see Penal Law, § 15.20). Accordingly, the court properly refused to charge the defense of factual mistake to the jury.

Moreover, we find that the People established beyond a reasonable doubt defendant's knowing and unlawful possession and sale of psilocybin. The People were not required to prove that

defendant knew his activities were unlawful but only that defendant had physical or constructive possession of the mushrooms with actual knowledge that they contained psilocybin (see *People v Reisman,* 29 NY2d 278). The jury rationally could have inferred defendant's criminal intent from his possession of the mushrooms and the circumstances surrounding the sales (see *People v Reisman, supra*).

The trial court did not abuse its discretion by qualifying the People's witness as an expert and his testimony was properly admitted into evidence. However, the People concede that the evidence with respect to the seventh and eighth counts of the indictment charging defendant with third degree criminal sale and third degree criminal possession of psilocybin was insufficient (see Penal Law, §§ 220.16, 220.39). The trial testimony does establish that, on the date in question, defendant sold mushrooms which he believed to contain psilocybin to an undercover police officer and his partner. Accordingly, we reduce defendant's conviction on these two counts to attempted criminal sale of a controlled substance in the fifth degree and attempted criminal possession of a controlled substance in the seventh degree (see CPL 470.15, subd 2, par [a]; Penal Law, §§ 220.03, 220.31; *People v Culligan,* 79 AD2d 875; *People v Jones,* 63 AD2d 582). O'Connor, J. P., Weinstein, Lawrence and Eiber, JJ., concur.