■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH COOKE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Browne, J.), rendered March 14, 1989, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by reversing the conviction for criminal sale of a controlled substance in the third degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

We agree with the defendant's contention that the evidence adduced at trial was legally insufficient to sustain his conviction of criminal sale of a controlled substance in the third degree, inasmuch as chemical analysis revealed that the vials he sold to an undercover officer did not contain a controlled substance, an essential element of that offense (Penal Law § 220.39 [1]; *see, People v Kenny,* 30 NY2d 154; *People v Gonzales,* 66 AD2d 828; *People v Rosenthal,* 91 Misc 2d 750). We find unpersuasive the People's argument that, under an offer to sell theory (Penal Law § 220.00 [1]), they need not prove the narcotic nature of the substance offered or transferred. Where, as here, it has been conclusively shown that the substance was not a controlled substance, the People have failed to prove their case *(see, People v Trent,* 71 AD2d 866; *People v Hawkins,* 69 AD2d 823). Accordingly, the conviction on that count must be reversed.

We have examined the remaining contentions advanced by the defendant and find them to be without merit. Mangano, P. J., Brown, Sullivan and Balletta, JJ., concur.