■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BLAKE WINGATE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Golia, J.), rendered July 18, 1989, convicting him of criminal sale of a controlled substance in the third degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is reversed, as a matter of discretion in the interest of justice, the indictment is dismissed, and the matter is remitted to the Supreme Court, Queens County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

At the trial, the parties stipulated that if the police chemist were to testify, he would indicate that his analysis showed that a substance which was inside an envelope was cocaine. However, there was no stipulation that the envelope produced at the trial and identified by the undercover police officer was the same envelope, the contents of which were analyzed by the police chemist. The People failed, by other evidence, to demonstrate that the substance analyzed by the chemist was the same substance that was allegedly sold by the defendant to the undercover officer. Since there was no evidence that the defendant sold a controlled substance, the evidence against the defendant was legally insufficient to establish an essential element of criminal sale of a controlled substance in the third degree *(see,* Penal Law § 220.39 [1]). Although the issue of law was not preserved for appellate review *(see, People v Udzinski,* 146 AD2d 245, 250), we reach it in the exercise of our interest of justice jurisdiction.

In light of this conclusion, it is unnecessary to consider the defendant's other contentions, including those raised in his supplemental *pro se* brief. Thompson, J. P., Eiber, Balletta and Ritter, JJ., concur.