■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL SESSIONS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Rohl, J.), rendered November 8, 1990, convicting him of attempted criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. No questions of fact have been raised or considered.

The undercover officer testified that the defendant asked

him if he was "looking for a 20", referring to crack cocaine. The undercover officer answered affirmatively. Thereafter, the officer gave the defendant and the codefendant $20 in exchange for a "rock-like substance", which they assured him was crack. However, the police subsequently determined that the substance did not contain any cocaine. At trial, in order to establish the defendant's intention to sell a controlled substance, the People were permitted, over objection, to introduce testimony that the defendant previously sold drugs on three occasions between one year and two and one-half years before the instant sale. These sales involved three other undercover officers, not the undercover officer who purchased the substance in the instant case.

The defendant contends that the crime of which he was convicted—attempted criminal sale of a controlled substance—is a nonexistent crime. We disagree. Where, for example, there is proof beyond a reasonable doubt that a defendant has sold a substance which he *mistakenly* believed to be a controlled substance, courts have held that the defendant may be convicted of attempted criminal sale of a controlled substance *(see, e.g., People v Georgens,* 107 AD2d 820 [defendant testified that he thought mushrooms he sold to an undercover officer contained psilocybin, but he was mistaken]; *People v Culligan,* 79 AD2d 875 [since nothing in Grand Jury minutes established that defendant knew that powder in question was aspirin, he could be prosecuted for attempted sale of controlled substance]; *People v Rosencrants,* 89 Misc 2d 721 [defendant indicated in his statement to police that he believed at time of sale that substance which he sold contained "speed"]; *cf., People v Maderic,* 142 AD2d 892 [evidence raised competing inferences as to whether defendant knew that substance which he sold was a controlled substance]).

However, we agree with the defendant that the admission of the evidence of the prior sales deprived him of a fair trial. Proof of prior crimes is "admissible if offered for a relevant purpose, and is competent to prove the crime charged by means of establishing motive, intent, absence of mistake or accident, a common scheme or plan, or identity" *(People v Tabora,* 139 AD2d 540, 541; *see also, People v Gines,* 36 NY2d 932; *People v Brockington,* 126 AD2d 655). None of these exceptions apply. The prior crimes were remote in time to the instant offense, involved entirely different transactions and consequently were of no probative value on the issue of the defendant's intent on the day in question. The evidence of the prior criminal conduct only served to establish the defendant's

criminal propensities *(see, People v Tabora, supra).* Thus, there was a substantial possibility that the evidence of the prior crimes diverted the attention of the jury from the actual crime charged. Because its potential for prejudice clearly outweighed its probative worth, the evidence of the prior crimes should have been excluded *(People v Alvino,* 71 NY2d 233, 241-242; *People v Gregory,* 175 AD2d 878; *People v McArthur,* 170 AD2d 540; *People v Rivera,* 144 AD2d 258; *People v Andujar,* 61 AD2d 755). As the proof of the defendant's guilt was not overwhelming, this error cannot be deemed harmless *(cf., People v Caviness,* 170 AD2d 615, 616).

Since there must be a new trial, we note that the court correctly denied the defendant's request that the charge of sale of an imitation controlled substance be submitted to the jury as a lesser included offense *(see,* Public Health Law § 3383 [2]). It is theoretically possible to commit an attempted sale of a controlled substance without also committing sale of an imitation controlled substance. Therefore, sale of an imitation controlled substance is not a lesser included offense of attempted sale of a controlled substance *(see, People v Glover,* 57 NY2d 61; *People v Ellerbe,* 115 AD2d 614). Mangano, P. J., Lawrence, Eiber and Miller, JJ., concur.