■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEROY PRESCOTT, Appellant. [595 NYS2d 58] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Starkey, J.), rendered January 7, 1991, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On October 6, 1989, at approximately 5:10 A.M., a police officer on patrol observed the defendant holding a gun in his right hand. The officer chased the defendant into a building, placed him under arrest, and recovered the gun, which had three bullets in the magazine.

During the course of pretrial disclosure, the prosecution served the defendant with a copy of a ballistics report in which the author indicated that the gun had been test fired and that both it, and the bullets, were found to be operable. The People intended to call the author of the report as a ballistics expert during the trial in order to testify as to his conclusions and thereby prove that the gun was loaded with live ammunition to establish criminal possession of a weapon in the third degree (see, People v Daniels, 77 AD2d 745). However, on the day the witness was scheduled to appear, the prosecutor indicated that the witness had had a death in his family and therefore could not appear for several days. Instead of waiting for the witness to become available, the parties stipulated that the gun in question was operable and would fire if properly loaded. However, there was no indica-

tion that the bullets found in the gun were live. The defendant failed to preserve for appellate review his claim that the evidence was legally insufficient to establish that the ammunition was live *(see, People v Udzinski,* 146 AD2d 245), but claims this Court should reach the issue in the interest of justice. We disagree.

Had the defendant made a timely objection, the prosecution could have easily cured the deficiency by securing a brief recess and calling its ballistics expert to testify at trial in conformance with the ballistics report that had previously been provided to the defense counsel.

The case at bar is distinguishable from *People v Wingate* (175 AD2d 191). In *Wingate,* the parties entered into a stipulation that a certain substance analyzed by a police chemist was cocaine but there was no other evidence establishing that the substance analyzed by the chemist was the same substance the defendant had allegedly sold to an undercover officer. Although the issue of legal sufficiency was not properly preserved for appellate review, we reached it in the interest of justice, reversed the judgment of conviction, and dismissed the indictment. However, unlike the case at bar, it was not clear from the record in *Wingate* that the People could have cured the deficiency if a proper and timely objection had been made by calling the witness to testify at the trial. Under the circumstances of this case, where it appears that the deficiency could have been cured if a timely objection had been made, we decline to reach the defendant's contention in the exercise of our interest of justice jurisdiction.

We have considered the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Thompson, J. P., Rosenblatt, Miller and Ritter, JJ., concur.