◼ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v PHILIP KAPLAN, Respondent. [596 NYS2d 719] —Appeals by the People (1) as limited by their brief, from so much of an order of the County Court, Orange County (Berry, J.), dated July 28, 1992, as granted that branch of the defendant's omnibus motion which was to dismiss the first two counts of the indictment, and (2) from so much of an order of the same court, dated September 14, 1992, as, upon reargument, adhered to the original determination.

Ordered that the appeal from the order dated July 28, 1992, is dismissed, as that order was superseded by the order dated September 14, 1992, made upon reargument; it is further,

Ordered that the order dated September 14, 1992, is reversed insofar as appealed from, so much of the order dated July 28, 1992, as granted that branch of the defendant's omnibus motion which was to dismiss the first two counts of the indictment is vacated, that branch of the defendant's omnibus motion is denied, those counts of the indictment are reinstated, and the matter is remitted to the County Court, Orange County, for further proceedings consistent herewith.

We agree with the People that the County Court erred in dismissing the first two counts of the indictment, which charged the defendant with attempted rape in the first degree *(see, e.g., People v Acosta,* 80 NY2d 665; *People v Wheeler,* 109 AD2d 169, *affd* 67 NY2d 960; *People v Glover,* 107 AD2d 821, *affd* 66 NY2d 931; *People v Pereau,* 99 AD2d 591, *affd* 64 NY2d 1055; *People v Haims,* 171 AD2d 878). The defendant's alternative argument for affirmance is not reviewable at this point *(see, People v Karp,* 76 NY2d 1006; *People v Goodfriend,* 64 NY2d 695, 698), and is meritless in any event *(see, e.g., People v Mitchell,* 183 AD2d 503; *People v Smalls,* 111 AD2d 38). Whether proper application of the rule announced in *People v Moquin* (77 NY2d 449) will preclude further prosecution of the two counts of the indictment which are hereby reinstated cannot be determined on the present record. For

this reason, among others, we reject the defendant's argument that the present appeal should be dismissed as academic. Bracken, J. P., Balletta, Eiber and Santucci, JJ., concur.