■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM H. KEYES, Appellant. [597 NYS2d 785] —Weiss, P. J. Appeal from a judgment of the County Court of Albany County (Keegan, J.), rendered December 23, 1991, upon a verdict convicting defendant of four counts of the crime of promoting a sexual performance by a child.

Defendant was indicted on five counts of promoting a sexual performance by a child, the circumstances of which are fully set forth in the opinion of this Court on a prior appeal in this matter (141 AD2d 227, affd 75 NY2d 343). Upon remittitur, the matter proceeded to trial and defendant was convicted on four counts and sentenced as a second felony offender to concurrent prison terms of 3½ to 7 years on each conviction. This appeal followed.

Defendant contends that, as a matter of law, the evidence proved that he was entrapped by City of Albany Police Officers who actively induced and encouraged him to commit the crimes and that he had no predisposition to criminal conduct prior to the police activity (see, Penal Law § 40.05). Initially, we note that the affirmative defense of entrapment must be established by a preponderance of the evidence (Penal Law § 25.00 [2]). We find no merit to defendant's contention that he proved his entrapment as a matter of law. While conceivably it is possible to prove the affirmative defense of entrapment as a matter of law (cf., Jacobson v United States, 503 US —, 112 S Ct 1535), that defense is essentially a factual issue (see, People v McGee, 49 NY2d 48, 61, cert denied sub nom. Quamina v New York, 446 US 942; see also, People v Torres, 185 AD2d 257, lv denied 80 NY2d 977). The facts as proven by the evidence established that defendant's telephone number with the notation "young boys wanted" was inscribed on the wall of a booth for viewing of pornographic movies in an adult book store. It was also proven that the phone number had been issued to defendant sometime following his February 1984 conviction for promoting the sexual performance of a child. That previous conviction was predicated upon the seizure of a large quantity of child pornography found in defendant's apartment and upon a confession in which he admitted soliciting young boys and taking sexually explicit photographs of them.

With this background, the police were justified in making their initial contacts. The first contact demonstrated that

defendant was fully aware of the inscription. The early contacts, while indicating some reluctance on defendant's part to have dealings with a stranger, also indicated a willingness on his part to become involved with child pornography. The record establishes, at best, factual questions relating to the entrapment defense. After weighing the relative probative force of conflicting testimony and the relative strength of conflicting inferences which may be drawn therefrom, and giving due deference to the verdict of the jury, we conclude that the verdict was not against the weight of the evidence (see, People v Bleakley, 69 NY2d 490, 495; People v Davis, 147 AD2d 817, 818, lv denied 74 NY2d 807; People v Hochberg, 62 AD2d 239, 249).

Similarly, the police activity in this case did not offend fundamental principles of fairness and justice (see, People v Isaacson, 44 NY2d 511; People v Charris, 175 AD2d 808, lv denied 79 NY2d 945). It was defendant's inscription which invited police action and suggested the likelihood of illegal activity. The conduct of the police thereafter was neither repugnant nor particularly persistent in view of defendant's responses. Finally, the conviction sought was for the protection of society after police found reasonable cause to suspect that defendant had again engaged in illegal conduct. The record fails to support defendant's contention that police conduct violated his constitutional rights of due process (see, People v Isaacson, supra).

Finally, we find no merit in defendant's contention that his sentence is harsh and excessive. The gravity of the underlying harm resulting from the proscribed conduct has been fully set forth in our previous decision (141 AD2d 227, supra). As a repeat offender, a maximum sentence on each of four counts to be served concurrently does not reflect an abuse of discretion on the part of the sentencing court. County Court was fully cognizant of defendant's past circumstances and those of the instant convictions. We find absent any extraordinary circumstances warranting our intervention and, accordingly, decline to disturb the sentence.

Levine, Mercure, Mahoney and Casey, JJ., concur. Ordered that the judgment is affirmed.