■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v TIMOTHY THOMPSON, Respondent. [609 NYS2d 620] —Appeal by the People from an order of the County Court, Suffolk County (Sherman, J.), dated September 23, 1991, which dismissed Count Two of Suffolk County Indictment No. 2232/89 charging the defendant with murder in the second degree (intentional) and, in effect, vacated the defendant's plea of guilty to that count.

Ordered that the appeal is dismissed.

The defendant was charged with three counts of murder in the second degree (felony murder, intentional murder and depraved indifference murder) after he raped and killed an acquaintance. He subsequently pleaded guilty to the entire indictment without the People's consent. Prior to sentencing, the County Court dismissed the intentional murder count on the ground that it was inconsistent with the depraved indifference murder count. The defendant was sentenced on the remaining two counts and has begun serving his term of imprisonment.

We agree with the People's contention that the County Court erred in dismissing the intentional murder count, as the requirements of CPL article 300 with respect to inconsistent counts do not apply to guilty pleas (see, e.g., People v Walton, 41 NY2d 880). However, under the circumstances of this case, the People's appeal should be dismissed (cf., People v Kaplan, 191 AD2d 712). The Supreme Court vacated the defendant's plea of guilty to the intentional murder count, and this Court lacks the authority to reinstate the plea and may only reinstate the count (see, People v Reap, 68 AD2d 964). The defendant has commenced serving his sentence, therefore the plea and sentence on the other counts cannot be vacated at the People's request (see, People v Moquin, 77 NY2d 449; see also, Matter of Campbell v Pesce, 60 NY2d 165; People v Donnelly, 176 AD2d 404), and the People would be precluded on double jeopardy grounds from prosecuting the defendant for intentional murder were that count reinstated (see, People v Moquin, supra; People v Donnelly, supra). Moreover, the defendant did not seek to vacate the plea on his direct appeal, and his judgment of conviction was affirmed (see, People v Thompson, 202 AD2d 456 [decided herewith]). Therefore, although the People's claim has merit, no corrective action can be taken. Balletta, J. P., O'Brien, Ritter and Florio, JJ., concur.