■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK HARMON, Appellant. [633 NYS2d 172] —Judgment, Supreme Court, New York County (Jerome Hornblass, J.), rendered December 6, 1993, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree, and sentencing him, as a second felony offender, to concurrent prison terms of 5½ to 11 years and 1 year, respectively, unanimously affirmed.

The jury could have reasonably concluded from the evidence

that defendant had an ongoing business relationship with an unknown heroin seller behind the dumpster, or that the heroin sold to the undercover officer was from defendant's own stash. Agency "is generally a factual question[;] * * * [t]here is no legal formula for determining the defendant's intent at the time of the drug transfer" (*People v Lam Lek Chong*, 45 NY2d 64, 74-75, *cert denied* 439 US 935). The jury's verdict was not against the weight of the evidence (*see, People v Bleakley*, 69 NY2d 490, 495). We have considered defendant's remaining contentions and find them unpreserved by specific objection, or without merit. Concur—Sullivan, J. P., Rosenberger, Wallach, Ross and Tom, JJ.