(September 30, 1999)

■ The People of the State of New York, Respondent, v Hamzah Alameen, Appellant. [697 NYS2d 173] —Spain, J. Appeal from a judgment of the County Court of Ulster County (Bruhn, J.), rendered August 14, 1997, upon a verdict convicting defendant of three counts of the crime of criminal sale of a controlled substance in the third degree.

Following a trial, a jury convicted defendant as charged of three counts of criminal sale of a controlled substance in the third degree (see, Penal Law § 220.39 [1]). The charges stem from three occasions on which defendant sold a substance resembling cocaine to three different undercover State Police Officers in the City of Kingston, Ulster County, in October and November 1996. In all three instances, an undercover State Police Officer assigned to the Community Narcotic Enforcement Team (hereinafter CNET) approached defendant on the street during the day and inquired about obtaining cocaine. Defendant then either consulted with another person down the street or went into a nearby house and then gave the CNET officer a substance resembling crack cocaine in exchange for $10 or $20. All three transactions were recorded by police and occurred in the same area of the City; the CNET officers testified that they did not know defendant or target him. On the day of the second and third buys (both on November 19, 1996), the CNET purchasing officers identified defendant from a mug book after the sales. In the first buy, on October 17, 1996, defendant could not be located immediately after the transaction but the CNET purchasing officer gave a written description of defendant and later identified him from a photo array on November 22, 1996. Notably, laboratory tests on the substances purchased from defendant at the first and second buys confirmed that they were crack cocaine; however, tests on the substance purchased at the third buy revealed that it was *not* a controlled substance.

Defendant testified on his own behalf and maintained a defense of entrapment. Defendant claimed that he had entered an agreement with police to be an informant in exchange for police assistance in resolving minor pending legal matters, and that local police were aware of, and encouraged, his drug selling and other illegal activity engaged in to maintain this cover. Defendant claimed that the police had threatened to frame him if he discontinued providing information, and offered the testimony of several other witnesses to his involvement as an informant with the Kingston City Police. Defendant admitted that he had sold crack cocaine perhaps hundreds of times, but

had no recollection of these three sales. During the trial, County Court denied defendant's motion to dismiss count three of the indictment pertaining to the third buy despite evidence that it was not a controlled substance. Defendant was convicted on all three counts and sentenced as a second felony offender to concurrent prison terms of 6 to 12 years for each count. Defendant now appeals, raising a host of contentions for reversal, only some of which merit our attention.

Initially, we note that County Court erred in relying on an offer or agreement to sell theory (*see*, Penal Law § 220.00 [1]) in denying defendant's motion to dismiss the third count of the indictment. Defendant may not be convicted of criminal sale of a controlled substance under such a theory where, as here, the evidence demonstrates upon testing that the substance at issue is not in fact a controlled one, rendering the People's proof on this key element (*see*, Penal Law § 220.39 [1]) legally insufficient (*see*, *People v Cooke*, 161 AD2d 783, *lv denied* 76 NY2d 984; *People v Trent*, 71 AD2d 866; *People v Hawkins*, 69 AD2d 823; *People v Gonzales*, 66 AD2d 828, 829; *People v McMillan*, 66 AD2d 830; *People v Rosenthal*, 91 Misc 2d 750; *cf.*, *People v McGriff*, 201 AD2d 672, *lv denied* 83 NY2d 913; *People v Redden*, 181 AD2d 1016, 1017, *lv denied* 79 NY2d 1053; *People v Mullen*, 152 AD2d 260, 266; *People v Jones*, 63 AD2d 582).

Next, we decline the People's request to modify the judgment of conviction on count three to the lesser included offense of *attempted* criminal sale of a controlled substance in the third degree (*see*, Penal Law § 220.39 [1]; § 110.00; CPL 1.20 [37]; 470.15 [2] [a]; *People v Cooke, supra*; *People v Trent, supra*; *cf.*, *People v Darrow*, 260 AD2d 928). Since legal or factual impossibility is not a defense to an attempt (*see*, Penal Law § 110.10), a person may be convicted of attempted criminal sale of a controlled substance for a consummated sale where there is proof that he or she mistakenly believed the substance he or she sold was a controlled substance, when in fact it was not (*see, e.g.*, *People v Sessions*, 181 AD2d 842, 843, *lv denied* 80 NY2d 837; *People v Culligan*, 79 AD2d 875, 876; *People v Reap*, 68 AD2d 964). Here, however, defendant was charged, tried and convicted not for an attempt but, rather, for the criminal sale of a controlled substance (*see*, Penal Law § 220.39 [1]). In view of the error in prosecuting this count as a sale notwithstanding negative laboratory results (*see*, *People v Rosenthal*, 91 Misc 2d 750, 752), modification of the judgment to an attempted sale is not warranted (*see*, *People v Wingate*, 175 AD2d 191; *People v Cooke, supra*; *People v Trent, supra*; *People v Gonzales, supra*; *People v McMillan, supra*). Thus, count three of the indictment should be dismissed.

Defendant's challenge to County Court's order denying his motion to dismiss the indictment based upon the claimed insufficiency of the evidence presented to the Grand Jury pertaining to counts one and two of the indictment is foreclosed, as these convictions were based upon legally sufficient trial evidence (*see,* CPL 210.30 [6]; *see also, People v Carey,* 241 AD2d 748, 751, *lv denied* 90 NY2d 1010; *People v Schulze,* 224 AD2d 729, *lv denied* 88 NY2d 853). Indeed, on this appeal defendant does not challenge the legal sufficiency of the evidence on counts one and two and we have concluded that count three should be dismissed.

Next, defendant argues that the identification of him from photographs by the three undercover officers was unduly suggestive and unreliable, an argument he unsuccessfully raised at the *Wade* hearing (*see, United States v Wade,* 388 US 218). The only specific claim defendant raises on appeal in this regard is that the identification of him from a mug book by the undercover officer in the first buy 35 days after the transaction rendered the identification unreliable. However, the highly experienced undercover CNET officer reported in writing an accurate description of defendant shortly after the face-to-face transaction, the purpose of which was to arrest and identify the seller. Based on the totality of the circumstances, the mere lapse of 35 days until he identified defendant from a photograph fails to establish a substantial likelihood of misidentification (*see, People v Parker,* 257 AD2d 693, 694; *see also, Neil v Biggers,* 409 US 188; *People v Fulton,* 223 AD2d 932, 933; *People v McClarin,* 157 AD2d 747, 748, *lv denied* 75 NY2d 921).

We reject defendant's contention that the People introduced at trial evidence of an extrajudicial identification of him which constituted improper bolstering. This issue is unpreserved for appellate review and, in any event, it was defense counsel who, on cross-examination of the three purchasing officers, raised the issue of their prior identification of defendant from a photo array in an effort to challenge their identification of defendant as the seller. Further, we find no error in County Court's refusal to charge the jury regarding the police officers' alleged violation of defendant's due process rights (*see, People v Isaacson,* 44 NY2d 511; *People v Keyes,* 193 AD2d 936, 937, *lv denied* 82 NY2d 756; *People v Wolf,* 141 AD2d 972, 973, *lv denied* 72 NY2d 926).

Defendant further contends that since his state of mind was a significant issue at trial, County Court erred in refusing to permit defense witnesses to testify regarding defendant's "expressed feelings of pressure, reluctance and fear" regarding

his role as a police informant. Defendant asserts that the testimony of others regarding his prior statements was admissible hearsay under the state of mind exception. However, in support of his entrapment defense, defendant himself testified at great length regarding his state of mind and his prior conversations and contacts as an informant with the officers of the City Police Department (*see, People v Clark*, 190 AD2d 989, *lv denied* 81 NY2d 968). Further, while the defense witnesses were not permitted to bolster, i.e., repeat or duplicate, defendant's testimony regarding his prior statements expressing his feelings about his role as a police informant, they were permitted to testify at length regarding their observations of police interaction with defendant when he was assertedly acting as an informant. Notably, defendant did not testify that the local police coerced his activity or these sales, although he felt pressured to do so. Thus, County Court's refusal to allow the defense witnesses to testify regarding defendant's prior statements regarding his feelings about being an informant, which were not directly related to these transactions, was not erroneous and did not inhibit defendant's presentation of an entrapment defense.

Finally, viewing the evidence in a neutral light and according deference to the jury's critical assessment of the credibility of the witnesses who provided conflicting testimony, we conclude that the verdict of guilty on counts one and two (related to the first and second buys) was supported by the weight of the evidence (*see, People v Bleakley*, 69 NY2d 490, 495; *People v Brown*, 249 AD2d 835, 836). While it is evident from the testimony offered by both sides that defendant had some form of informant relationship with the police, there was sharply conflicting testimony regarding the scope and nature of that relationship and its relevance to these transactions. The jury, after hearing defendant's detailed and lengthy testimony and after being charged on the entrapment defense, determined that defendant had not been actively encouraged or induced to sell cocaine on the relevant dates and rejected the affirmative defense (*see,* Penal Law § 40.05; *see also, People v Brown*, 82 NY2d 869). We perceive no basis upon which to disturb the jury's well-supported credibility and factual determination or the resulting convictions on counts one and two of the indictment (*see, People v Keyes, supra*).

We have examined defendant's many remaining contentions, including those raised in his *pro se* brief and his *pro se* supplemental reply brief, and have determined that they are either unpreserved for our review or without merit. Because of

the concurrent sentences herein we need not remit to County Court for resentencing.

Peters, J. P., Carpinello and Graffeo, JJ., concur. Ordered that the judgment is modified, on the law, by reversing so much thereof as convicted defendant of the crime of criminal sale of a controlled substance in the third degree under count three of the indictment; said count of the indictment dismissed; and, as so modified, affirmed.