■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEE C. WHITE, Appellant. [708 NYS2d 215] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him of three counts each of criminal sale of a controlled substance in the first degree (Penal Law § 220.43 [1]) and criminal possession of a controlled substance in the second and third degrees (Penal Law § 220.18 [1]; § 220.16 [1]). Defendant was sentenced to concurrent indeterminate terms of incarceration, the longest of which is 20 years to life. He contends that the verdict is against the weight of the evidence; that Supreme Court erred in denying his CPL 330.30 motion to set aside the verdict based on newly discovered evidence; that defendant was denied effective assistance of counsel; and that the sentence is unduly harsh or severe.

The verdict, which found defendant guilty of three sales of cocaine to an informant and/or undercover officer, is not against the weight of the evidence (see, People v Bleakley, 69 NY2d 490, 495). The jury was justified in rejecting the agency defense, given the repeated sales of large amounts of cocaine, the "salesmanlike" behavior of defendant, and his incredible testimony that he procured large amounts of cocaine on credit from suppliers whom he did not know (see, People v Ortiz, 259 AD2d 979, lv denied 93 NY2d 1024; People v Harmon, 221 AD2d 207, 207-208, lv denied 87 NY2d 1020). The jury was likewise entitled to discredit defendant's claim of entrapment, which was undermined by the willingness of defendant to sell large amounts of cocaine and his ability to procure them on short notice (see, People v Alameen, 264 AD2d 937, lv denied 94 NY2d 819; cf., People v Keyes, 193 AD2d 936, lv denied 82 NY2d 756; see generally, Penal Law § 40.05; People v Butts, 72 NY2d 746, 750-751). This is not a case in which the jury has failed to give the evidence the weight it should be accorded (see, People v Bleakley, supra, at 495; People v Palumbo, 258 AD2d 963, lv denied 93 NY2d 901).

The court did not err in denying the motion to set aside the verdict pursuant to CPL 330.30. Because the evidence in question was turned over to the defense prior to the close of proof, in time for defendant to use it, it was not "evidence [that] has been discovered since the trial which could not have been produced by the defendant at the trial even with due diligence on his part" (CPL 330.30 [3]; see, People v Rodriguez, 193 AD2d 363, 365-366, lv denied 81 NY2d 1079). Further, the evidence

is not "of such character as to create a probability that had such evidence been received at the trial the verdict would have been more favorable to the defendant" (CPL 330.30 [3]; *see, People v Dawkins,* 203 AD2d 957, *lv denied* 84 NY2d 824). At most, the evidence merely impeaches or contradicts one of the People's witnesses on a nonmaterial point (*see, People v Salemi,* 309 NY 208, 215-216, *cert denied* 350 US 950; *People v Thibodeau,* 267 AD2d 952).

Finally, we conclude that defendant was not denied effective assistance of counsel (*see, People v Baldi,* 54 NY2d 137, 147) and that the sentence is not unduly harsh or severe. (Appeal from Judgment of Supreme Court, Onondaga County, Brunetti, J.—Criminal Sale Controlled Substance, 1st Degree.) Present—Pigott, Jr., P. J., Green, Hurlbutt, Kehoe and Balio, JJ.