The defendant argues that the court erred in admitting the expert testimony of a special agent for the Social Security Administration and an investigator for the California Department of Motor Vehicles to the effect that the purported Social Security cards and California drivers' licenses at issue were forgeries. However, the defendant failed to preserve this contention for appellate review by not objecting to this testimony at trial (*see People v Parker,* 125 AD2d 340 [1986]). In any event, the testimony was properly admitted because the genuineness of the purported Social Security cards and California drivers' licenses were clearly matters beyond the ken of the average juror, and thus, "it matters not whether the testimony related to the ultimate issue in the case" (*People v Hicks,* 2 NY3d 750, 751 [2004]; *see People v Cronin,* 60 NY2d 430 [1983]).

We discern no error in the court's ruling which permitted a police detective to testify as to his own understanding of certain statements made to him by the defendant in recorded telephone conversations, especially since the meaning of the defendant's statements was so self-evident as to obviate any genuine claim of prejudice.

The defendant failed to preserve for appellate review his claim that the court erred in admitting certain bolstering evidence in the form of a prior consistent statement, by not specifying the ground for objection thereto before the trial court (*see* CPL 470.05 [2]). In any event, while we agree with the defendant that this testimony was improperly admitted, the error does not warrant reversal because the evidence of guilt was overwhelming and there is no significant probability that he would have been acquitted had the error not occurred (*see People v Evans,* 16 AD3d 517 [2005]). Prudenti, P.J., Mastro, Santucci and Lifson, JJ., concur.

 THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v CHRISTOPHER B. DASHEVSKY, Respondent. [850 NYS2d 161]—

Appeal by the People from an order of the Supreme Court, Suffolk County (Doyle, J.), dated March 13, 2007, which granted the defendant's motion to dismiss Suffolk County Superior Court information No. 1605-06, charging him with attempted disseminating indecent material to minors in the first degree, attempted rape in the second degree, and attempted criminal sexual act in the second degree, and, in effect, to withdraw his plea of guilty.

Ordered that the appeal from so much of the order as granted that branch of the defendant's motion which was, in effect, to withdraw his plea of guilty is dismissed; and it is further,

Ordered that the order is reversed insofar as reviewed, on the law, that branch of the defendant's motion which was to dismiss Suffolk County Superior Court information No. 1605-06 is denied, Suffolk County Superior Court information No. 1605-06 is reinstated, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings consistent herewith.

On June 15, 2006 the defendant pleaded guilty to the first count of Suffolk County Superior Court information No. 1605-06, attempted disseminating indecent material to minors in the first degree, in full satisfaction of that Superior Court information. Prior to sentencing, the defendant moved to dismiss that Superior Court Information in light of this Court's decision and order in *People v Kozlow* (31 AD3d 788 [2006]), on the ground that his allocution was factually insufficient to establish that his Internet communications with an undercover police officer, whom he believed to be a minor, "depict [ed]" sexual conduct within the meaning of Penal Law § 235.22 (1), since the Internet communications contained no visual sexual images (*see* Penal Law § 235.22 [1]). The Court of Appeals subsequently reversed that decision and order, and held that the word "depict" is broad enough in meaning to cover a wide range of indecent materials, not merely visual or pictorial representations (*see* *People v Kozlow*, 8 NY3d 554, 560 [2007]).

The People contend that in light of the Court of Appeals decision in *Kozlow*, the Superior Court information and the defendant's plea of guilty should be reinstated. While this Court lacks the authority to reinstate the plea, it may reinstate the

Superior Court information (*see People v Thompson*, 202 AD2d 456 [1994]; *People v Reap*, 68 AD2d 964, 965 [1979]). Accordingly, we reverse so much of the order as granted that branch of the defendant's motion which was to dismiss Suffolk County Superior Court information No. 1605-06 and reinstate the Superior Court information. Mastro, J.P., Santucci, Dillon and Angiolillo, JJ., concur.