Mary Johnson Lowe, J.
Motion to dismiss the first count of this indictment charging this defendant with the criminal sale of a controlled substance in the first degree is granted and the first count of this indictment is hereby dismissed. This court has examined the stenographic minutes of the Grand Jury proceeding resulting in this indictment for the purpose of determining whether the evidence before the Grand Jury was legally sufficient to support the charge of criminal sale of a controlled substance in the first degree contained in this indictment (CPL 210.30, subd 3). After carefully examining the Grand Jury minutes, this court finds that the evidence adduced before the Grand Jury was not legally sufficient to support the filing of this count of the indictment within the meaning of CPL 190.65 (subd 1).
The facts of this case are simple: On January 18, 1974 at approximately 8:30 p.m. in a parking lot on Pelham Parkway South this defendant is alleged to have accepted $5,500 from an undercover police officer and to have "offered to me [the police officer] a little over eight ounces of cocaine.” The defendant then left the scene and did not return that evening. Three days later at approximately 4 p.m. in the vicinity of Williamsbridge Road and Morris Park Avenue, the officer and this defendant allegedly met again. At that time, the defendant allegedly stated that he had been robbed of the money given him. Subsequently, this defendant was arrested and *502 charged with the criminal sale of a controlled substance in the first degree (Penal Law, § 220.43) and grand larceny in the second degree (Penal Law, § 155.35).
A person is guilty of criminally selling a controlled substance in the first degree when he knowingly and unlawfully sells a narcotic drug (as defined in schedules I[a], I[b], II[a] or II[b] of the Public Health Law, § 3306) of an aggregate weight of one or more ounces (Penal Law, § 220.43). While this court is in general agreement with the Honorable Judge Aldrich in People v Goetz (77 Misc 2d 319, 322), that "[o]ur Legislature has defined a number of ways in which a person may 'sell’ such a drug. He may sell it as that word is used in everyday language for money or other reward, he may 'exchange’ it with another for other property, he may even 'give’ it away or 'dispose’ of it in some manner to another, or he may 'offer * * * to do the same.’ (Penal Law, § 220.00, subd 1.)”, there must also be proof of the presence of the specific identifiable chemical substance as defined in section 3306 of the Public Health Law before criminal liability will attach. In the case at bar, there was no evidence presented to the Grand Jury that any identifiable controlled chemical substance was offered for sale; there was no evidence that the defendant had a present ability to transfer to the police officer any drug; only a vague and amorphous promise by the defendant "to return to me [the officer] a little over eight ounces of cocaine.” The Grand Jury testimony indicates that no drugs were given to the officer, indeed it appears that the defendant never obtained any controlled chemical substance.
It is well established that penal statutes must be strictly and narrowly construed (People v Gordon, 71 Misc 2d 540). Our Legislature clearly intended to prohibit the trafficking in drugs in this State by punishment more severe and inflexible than for almost any other offense in the State (People v Broadie, 37 NY2d 100). However, the threat of such severe and inflexible punishment should not be applied to mere conversation about drugs. To subject this speech alone to a criminal penalty of 15 years to life imprisonment (as great a penalty as for the delivery of the actual controlled chemical substance) would be so grossly disproportionate as to constitute cruel and unusual punishment in violation of constitutional limitations.
Thus, the defendant’s alleged designation of a substance by a generic street name and of a specific weight thereof for *503 possible future delivery is insufficient legally to constitute a violation of section 220.43 of the Penal Law.