■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NOEL ACE RIVERA, Also Known as ANGEL RIVERA, Also Known as ANGELITO, Appellant.—Appeal by defendant from a judgment of the County Court, Orange County, rendered April 15, 1976, convicting him of criminal sale of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the third degree (two counts), upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. Defendant was indicted for selling $10 worth of heroin to an undercover police officer on two separate occasions. The only evidence adduced at the trial concerning the actual transactions was the testimony of the police officer who made the purchases and the testimony of defendant. Both witnesses testified convincingly and the testimony of either could have been accepted by the jury. During his summation the prosecutor implied that defendant was one of the "parasite drug sellers" in the community and one of the "blood suckers of society." These remarks could have had no other effect than to arouse the emotions of the jurors and prejudice them against defendant; therefore, a new trial is required (see *People v Damon*, 24 NY2d 256; *People v Brosnan*, 32 NY2d 254). Although the Trial Judge did admonish the prosecutor that "It's not necessary to use such language", this brief remark fell short of "promptly and clearly advising the jury that the comments were improper and must be completely disregarded" (see *People v Ashwal*, 39 NY2d 105, 111). Martuscello, Acting P. J., Cohalan, Rabin and Mollen, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MACK STUBBS JR., Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered October 7, 1974, convicting him of murder, upon a jury verdict, and imposing sentence. Judgment affirmed. The only troublesome issue raised on this appeal is whether defendant's representation by counsel at the trial was so incompetent as to require a reversal. While it is true that trial counsel failed to pursue what hindsight now indicates might have been lucrative areas of cross-examination on the question of identification, such shortcomings fall far short of a constitutional deprivation of competent counsel. Possibly the greatest weakness in the People's identification testimony—the intoxication of one of the eyewitnesses—was vigorously and fully explored. Similarly, trial counsel made competent efforts on cross-examination to imply a possible immoral liaison between the deceased and one of the eyewitnesses. This would give support to a theory that a person other than defendant had a motive. While it was obviously damaging that defendant's prior record was revealed through his attorney's cross-examination of a witness for the People, this does not, in itself, establish incompetency of counsel. On the totality of the record on this appeal, it cannot be said that defense counsel's representation rendered " 'the trial a farce and a mockery of justice' " (cf. *People v La Bree*, 34 NY2d 257, 260). The other arguments raised on this appeal have been considered and found to be without merit. Shapiro, Acting P. J., Titone, Hawkins and O'Connor, JJ., concur.