■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY F. GIARRATANO, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Suffolk County, rendered January 27, 1977, convicting him of criminal sale of a controlled substance in the fifth degree, upon a plea of guilty, and imposing sentence. Judgment reversed, on the law, indictment dismissed and case remitted to the Supreme Court for the purpose of entering an order in its discretion pursuant to CPL 160.50. In the light of the uncontested proof that the testimony before the Grand Jury related solely to the sale of a controlled substance, cocaine, and that the substance involved was in fact lidocaine, which is not a controlled substance, it was error to accept a plea of guilty to the crime of criminal sale of a controlled substance. Under the circumstances, the judgment of conviction must be reversed and the indictment dismissed. We note also that the defendant has served the 10 days' incarceration imposed upon him. Martuscello, J. P., Damiani, Shapiro and O'Connor, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL JAMISON, Also Known as JAMES JAMIESON, Also Known as DANIEL JAMIESON, Also Known as GEORGE STORFS, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered February 2, 1975 (the date on the clerk's extract is February 4, 1975), convicting him of rape in the first degree, kidnapping in the second degree, sexual abuse in the first degree, robbery in the third degree (two counts), grand larceny in the third degree (two counts), sexual misconduct, and unlawful imprisonment, upon a jury verdict, and imposing sentence. Judgment modified, on the law, by reversing the convictions of sexual abuse in the first degree, sexual misconduct, grand larceny in the third degree and unlawful imprisonment in the first degree, and the sentences imposed thereon, and the counts upon which such convictions are based are dismissed. As so modified, judgment affirmed. The People concede that the convictions which we have reversed should have been dismissed as inclusory concurrent counts of rape in the first degree, kidnapping in the second degree and robbery in the third degree, of which crimes defendant was also convicted. Suozzi, J. P., Cohalan, Margett and Hawkins, JJ., concur.