■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM McMILLAN, Appellant.—On the court's own motion, its decision and order, both dated November 13, 1978, are vacated and recalled, and the following substituted decision is rendered: Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered February 10, 1977, convicting him of criminal sale of a controlled substance in the first degree (three counts) and criminal sale of a controlled substance in the second degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law and as a matter of discretion in the interest of justice and a new trial is ordered, except as to defendant's conviction of criminal sale of a controlled substance in the first degree under Indictment No. 702/75, which conviction is reversed, on the law, and the said indictment is dismissed. Defendant was indicted for selling cocaine to an undercover police officer on four occasions in 1974. His defense was based on agency and entrapment. A reversal and a new trial is required because of the totally unnecessary and inflammatory remarks made by the prosecutor during his summation and the admission of testimony by an expert witness classifying the defendant as a large scale drug dealer. During his summation, the prosecutor suggested to the jury, without any evidence to support his statement, that defendant's former activities as a numbers runner had made money available to be used to support "houses of prostitution", and "to import cocaine". He invited the jurors to ask themselves "What is the money used for?" He attacked the defense stating there "hasn't been a dent in the heroin trade or cocaine trade because defendants are getting a little sharper [and a] little wily" and are coming up with "entrapment" or "agency" defenses. The prosecutor also tried to characterize the defendant as a kingpin in the hierarchy of illegal drug trafficking and therefore responsible for many of the ills of society. The foregoing, coupled with the testimony of a prosecution witness to the effect that defendant's sales were those of a "large scale dealer", could have had no other effect than to "arouse the emotions of the jurors and prejudice them against defendant" (see *People v Rivera,* 56 AD2d 897). No witness in a case such as the one at bar may state his opinion that a given defendant is a large scale dealer. Such testimony is wholly irrelevant and prejudicial. It has no bearing on the issue of whether a particular sale was made. "It is fundamental that the jury must decide the issues on the evidence, and therefore fundamental that counsel, in summing up, must stay within 'the four corners of the evidence' * * * and avoid irrelevant comments which have no bearing on any legitimate issue in the case" *(People v Ashwal,* 39 NY2d 105, 109). In too many cases appearing before us we find that the prosecutor obfuscates the real issues, and tries to convict the defendant for generalized crimes against society. Such conduct encourages the jurors to convict, *not* on the basis of guilt beyond a reasonable doubt, but because they, as citizens, must do their duty and place "large scale dealers", whose money supports other crimes, in jail. The right to a fair trial is fundamental, and even overwhelming proof of guilt cannot be used as a basis for

overlooking egregious errors committed during a trial. The result of such improper conduct may necessitate a reversal even in cases which would otherwise warrant an affirmance. Prosecutors are given wide latitude in their summations to comment upon the evidence, but they must not abuse this right by overstepping the boundaries of fair comment *(Williams v Brooklyn El. R. R. Co.,* 126 NY 96, 103; *People v Mull,* 167 NY 247; *People v Ashwall, supra,* p 109). As to the reversal of defendant's conviction under Indictment No. 702/75, however, the direction of a new trial would not be proper, as the count of said indictment upon which the defendant was convicted charges criminal sale of a controlled substance predicated on a transaction in which the "controlled substance" proved to be lidocaine. Lidocaine is not a controlled substance and for this reason a conviction predicated on the sale thereof could not properly be obtained (see *People v Giarratano,* 62 AD2d 1042; *People v Rosenthal,* 91 Misc 2d 750; *People v Boscia,* 83 Misc 2d 501; see, also, *People v Lawson,* 84 Misc 2d 24). Under such circumstances, even the inchoate crimes of attempted sale or possession could not be proved in the absence of a showing that the defendant intended to sell or possess a controlled substance, but mistakenly sold or possessed lidocaine. There is no such evidence in the case at bar. Hopkins, J. P., Martuscello, Gulotta and Shapiro, JJ., concur.