■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PERRY NICKLE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County, rendered May 19, 1976, convicting him of criminal sale of a controlled substance in the second degree, upon a jury verdict, and imposing sentence. Judgment affirmed. No opinion. Suozzi, Shapiro and Cohalan, JJ., concur.

Titone, J. P., dissents and votes to reverse the judgment and order a new trial, with the following memorandum: At trial the undercover officer testified that when he met the defendant, the defendant initially did not recognize him, but later remembered their prior acquaintance stating, "Look man, the reason why I didn't remember you is I sell so much dope to so many people, I don't remember everybody. I don't sell to nobody I don't know." This testimony was unnecessary to the narration of the drug transaction, which occurred the following day, and without the defendant being present. It was calculated to encourage the jury to convict the defendant, not on the basis of guilt beyond a reasonable doubt, but for generalized crimes against society *(People v McMillan,* 65 AD2d 776).

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAT PENNA, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered January 19, 1978, convicting him of murder in the second degree (two counts), upon a jury verdict, and imposing sentence. Judgment affirmed. We have considered defendant's allegations of trial error and we find them to be without merit. However, we have not considered, and express no opinion as to defendant's argument that it was error for the court to deny his *Huntley* motion. The papers upon which this argument is based are dehors this record. Rabin, J. P., Gulotta, Martuscello and Mangano, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAWRENCE F. PUGLISI, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Suffolk County, rendered April 20, 1978, convicting him of grand larceny in the third degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law and the facts, indictment dismissed and case remitted to the Supreme Court, Suffolk County, for the purpose of entering an order in its discretion pursuant to CPL 160.50. The guilt of the defendant was not established beyond a reasonable doubt. Were we not reversing and dismissing the indictment, we would reverse and order a new trial because the trial court erred in admitting into evidence certain checks, the cumulative effect of which was to unfairly prejudice the defendant. Titone, J. P., Suozzi, Shapiro and Cohalan, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN RODRIGUEZ, Appellant.—Judgment of the Supreme Court, Queens County, rendered April 29, 1977, affirmed (see *People v Crimmins,* 36 NY2d 230). Titone, J. P., Suozzi, Shapiro and Cohalan, JJ., concur.