■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DWAYNE YOUNG, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County (Lentol, J.),

rendered September 26, 1980, convicting him of murder in the second degree and attempted robbery in the first degree, upon a jury verdict, and sentencing him to an indeterminate term of imprisonment of 25 years to life to run concurrent with a term of imprisonment of 5 to 15 years. The appeal brings up for review the denial, after a hearing, of defendant's motion to suppress certain pretrial statements.

Judgment modified, as a matter of discretion in the interest of justice, by reducing defendant's sentence on the charge of murder in the second degree from an indeterminate term of imprisonment of 25 years to life to an indeterminate term of imprisonment of 15 years to life. As so modified, judgment affirmed.

We conclude that the evidence on the record supports the conclusion of the Judge presiding at the suppression hearing that the statements defendant made to a detective at the police station, acknowledging his participation in the attempted robbery and murder, are admissible, as they did not result from a custodial interrogation. Defendant testified that he went to the police station voluntarily to seek help, as he had heard rumors that people with guns were looking for him. There is no evidence that defendant was physically restrained in any way or otherwise treated in such a manner as to cause a reasonable individual, innocent of any crime, in his position, to believe that he was "deprived of his freedom of action in any significant way" (Miranda v Arizona, 384 US 436, 444; Dunaway v New York, 442 US 200, 212; People v Yukl, 25 NY2d 585, 589, cert denied 400 US 851). Nor is a custodial situation created, under the circumstances at bar, by the facts that defendant was only 16 years of age at the time the crime was committed, that the interview with the detective occurred in the police station and that the detective informed defendant, prior to eliciting his statement, that he was the target of a murder investigation (see, California v Beheler, 463 US 1121, 1125; Oregon v Mathiason, 429 US 492, 495; Matter of Kwok T., 43 NY2d 213; People v Yukl, supra, at p 589; People v Rodney P., 21 NY2d 1; People v Oates, 104 AD2d 907; People v Bertolo, 102 AD2d 193, affd 65 NY2d 111; People v Winchell, 98 AD2d 838, affd 64 NY2d 826; People v Torres, 97 AD2d 802). We see no reason to overturn the determination of the Judge presiding at the suppression hearing, who credited the testimony of the detective that defendant did not ask to make any telephone calls to his parents' home during the interview. It should be noted that there is no independent evidence on

the record to corroborate defendant's assertions that he made several such requests.

Further, the Trial Judge did not commit reversible error, under the circumstances at bar, by denying defense counsel's motion for a mistrial based upon the prosecutor's remarks at the beginning of his summation. Those comments reflected the "safe streets" argument, improperly appealing to the jurors' generalized fears of crime, and sympathy for the victim, which has been disapproved of by this court (see, People v Bonaparte, 98 AD2d 778; People v McMillan, 66 AD2d 830). However, this was an isolated error in a summation in which the prosecutor otherwise stayed within the bounds of fair comment. Consequently, the error was harmless (People v Ashwal, 39 NY2d 105, 109, quoting from Williams v Brooklyn El. R. R. Co., 126 NY 96, 103).

We agree with the defense, however, that the circumstances at bar warrant this court to exercise its discretion, in the interest of justice, to reduce defendant's sentence on the charge of murder in the second degree from the statutory maximum of 25 years to life to the minimum term of 15 years to life (see, Penal Law § 70.00 [2] [a]; [3] [a] [i]; People v Suitte, 90 AD2d 80, 85-86). Defendant was a teen-ager at the time the crime was committed who had been arrested on only one prior occasion, and the record indicates that he played a lesser role in the crime than his unapprehended cohort. O'Connor, J. P., Rubin, Lawrence and Eiber, JJ., concur.