■ The People of the State of New York, Respondent, v Derrick Stansberry, Appellant. [613 NYS2d 6] —Judgment, Supreme Court, New York County (Budd Goodman, J.), rendered March 9, 1992, convicting defendant of robbery in the second degree, and sentencing him, as a persistent violent felony offender, to a term of 15 years to life, unanimously affirmed.

Defendant was apprehended shortly after beating and robbing an elderly man. Defendant's contention that improper bolstering testimony was admitted is without merit. During

cross-examination of the victim defense counsel elicited testimony that defendant was arrested after the victim spoke to a police officer. The brief and restricted testimony by a police officer that he spoke to the victim, and that defendant was arrested afterward, merely served as a necessary narrative of events leading to defendant's arrest *(People v Jones,* 160 AD2d 333).

The court's statement to the jurors during voir dire that if they were late, they would be fined, does not present a due process violation or a violation of defendant's right to a jury trial. Defendant has failed to submit any indication that any potential jurors were thereby kept off the jury.

Finally, we find no basis to disturb the sentencing court's sound exercise of discretion. Concur—Sullivan, J. P., Rosenberger, Ellerin, Asch and Nardelli, JJ.