■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK DEJOHN, Appellant. [657 NYS2d 898] —Judgment, Supreme Court, New York County (Harold Rothwax, J.), rendered April 13, 1994, convicting defendant, after a jury trial, of attempted murder in the second degree and two counts of attempted robbery in the first degree, and sentencing him to concurrent terms of $3^{1}/_{2}$ to $10^{1}/_{2}$ years, unanimously affirmed.

Defendant's motion to suppress statements was properly denied. The record supports the court's factual conclusion (*see, People v Nova*, 198 AD2d 193, 194, *lv denied* 83 NY2d 808) that defendant's statements to the police while he was on the street were not the product of custodial interrogation. A reasonable, innocent person in defendant's position (*see, People v Yukl*, 25 NY2d 585, 589, *cert denied* 400 US 851) would have believed that he was being interviewed as a complainant, not a defen-

---

dant (*People v Oates*, 104 AD2d 907, 910, *lv denied* 64 NY2d 762). Given the limited scope of a suppression hearing, the court's restrictions on cross-examination were proper exercises of discretion (*see, People v Schwartzman*, 24 NY2d 241, *cert denied* 396 US 846).

The court properly refused to dismiss a sworn juror, since the record does not support the conclusion that the juror "[was] grossly unqualified to serve in the case or [had] engaged in misconduct of a substantial nature" (CPL 270.35 [1]; *see also, People v Rodriguez*, 71 NY2d 214; *People v Buford*, 69 NY2d 290). In view of the remoteness of the matter revealed by the juror during trial, we find that the juror did not withhold material information during voir dire.

Defendant's contention that certain testimony constituted inadmissible hearsay is unpreserved and meritless (*see, People v Stansberry*, 205 AD2d 317, *lv denied* 84 NY2d 910). The challenged portions of the People's summation do not warrant reversal (*see, People v Galloway*, 54 NY2d 396). Concur—Sullivan, J. P., Milonas, Nardelli, Williams and Mazzarelli, JJ.