■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v COREY LIPPOLIS, Appellant. [667 NYS2d 423] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rutledge, J.), rendered August 1, 1996, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law and as a matter of discretion in the interest of justice, and a new trial is ordered.

In his opening statement, the prosecutor, among other things, improperly referred to the defendant as a "parasite" (*see, People v Rivera,* 56 AD2d 897), and told the jury that "citizens like [them]selves indicted this defendant" (*see, People v Logan,* 221 AD2d 662).

The most egregious errors occurred, however, when, during the prosecutor's direct examination of the arresting officer, he elicited, over objection, the fact that the defendant had remained silent following his arrest. During the prosecutor's summation, he again referred to the defendant's silence upon being arrested. Such references to the defendant's post-arrest silence are clearly improper (*see, People v Robinson,* 191 AD2d 595, 596). Furthermore, when the defense counsel objected, the court instructed him not to interrupt. Thus, the prejudice to

the defendant was compounded by the court's comment, which "indicated to the jur[ors] 'that there was no impropriety' * * * and [that] with the court's sanction, they [were free to] pursue the line of reasoning suggested by the prosecutor in determining the defendant's guilt" (*People v Ashwal*, 39 NY2d 105, 111; *see also, People v Kent*, 125 AD2d 590, 591). Thus, under the circumstances of this case, the defendant was denied a fair trial and his conviction must be reversed. Sullivan, J. P., Pizzuto, Santucci and Florio, JJ., concur.