THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ADRIAN WILLIAMS, Appellant. [892 NYS2d 478]—

On April 25, 2007, the defendant entered a bank, jumped over the tellers' counter, and grabbed bills from the cash drawers. When the defendant attempted to flee, he was apprehended by the bank's manager, who, after a scuffle, was able to subdue the defendant with the aid of several other bank employees and customers. During the scuffle, the defendant elbowed the manager in the eye, bit the manager's arm, and scratched the manager's back. Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt of robbery in the second degree beyond a reasonable doubt (*see* Penal Law § 160.10 [2] [a]).

Contrary to the defendant's contention, the evidence was legally sufficient to establish that the defendant caused "substantial pain" and, therefore, "[p]hysical injury" (Penal Law § 10.00 [9]), to the bank's manager (*see People v Chiddick,* 8 NY3d 445, 447-448 [2007]; *People v Gordon,* 47 AD3d 833, 834

[2008]). The manager testified that he sought medical treatment for his injuries, ranked his pain level at a "6" or "7" out of "10," and was given pain medication. Moreover, the jury could reasonably infer that the defendant intended to inflict as much pain as possible in order to escape the manager's hold (*see People v Chiddick*, 8 NY3d at 448).

Furthermore, contrary to the defendant's contention, the evidence was legally sufficient to establish that he "use[d] . . . physical force upon another person for the purpose of . . . [p]reventing or overcoming resistance to the . . . retention [of the stolen property] immediately after the taking" (Penal Law § 160.00 [1]). The evidence supported a finding that the defendant was in possession of the stolen cash at the time he struck the bank's manager. Under these circumstances, the jury was entitled to infer that the defendant's purpose in exerting such physical force was to retain control of the stolen cash, and not merely to escape or defend himself (*see People v Nieves*, 37 AD3d 277 [2007]; *People v Onorati*, 15 AD3d 216, 217 [2005]; *People v Brandley*, 254 AD2d 185 [1998]; *People v Crespo*, 158 AD2d 466 [1990]).

The defendant's remaining contentions are without merit. Fisher, J.P., Covello, Santucci and Balkin, JJ., concur.