THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AARON NELSON, Appellant. [893 NYS2d 189]—

The defendant's contention that the People failed to prove that he inflicted physical injury during the robbery (*see* Penal Law § 160.10 [2]) is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 491-492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish that the defendant inflicted "physical injury" within the meaning of Penal Law § 10.00 (9). Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]). The evidence presented as to the nature of the complainant's injury, the manner in which the injury was inflicted, and the duration of the pain she suffered, provided the jury with a sufficient basis to infer that the complainant suffered "substantial pain" (Penal Law § 10.00 [9]; *see People v Vasquez*, 297 AD2d 297, 298 [2002]; *see also People v Chiddick*, 8 NY3d 445, 447-448 [2007]; *People v Krotoszynski*, 43 AD3d 450, 452-453 [2007]).

The trial court erred in permitting the prosecutor to elicit testimony from the arresting officer, over defense counsel's objection, that the defendant did not provide the officer, at any time during the arrest process, with certain facts (*see People v Basora*, 75 NY2d 992, 993 [1990]; *People v Lippolis*, 246 AD2d 557 [1998]; *People v Robinson*, 191 AD2d 595, 596 [1993]). However, we find that the error was harmless because there was overwhelming evidence of the defendant's guilt and no significant probability that the error contributed to his conviction (*see People v Crimmins*, 36 NY2d 230, 237 [1975]; *People v Romero,* 54 AD3d 781, 781 [2008]).

The defendant's remaining contentions are without merit. Covello, J.P., Angiolillo, Balkin and Sgroi, JJ., concur.