■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RODOLFO ANDINO, Appellant. [900 NYS2d 910]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Knopf, J.), rendered July 19, 2006, convicting him of burglary in the second degree, assault in the second degree, and criminal mischief in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to support his conviction of assault in the second degree because the People failed to prove beyond a reasonable doubt that the complainant sustained a "physical injury" is unpreserved for appellate review (*see* CPL 470.05; *People v Hawkins*, 11 NY3d 484, 492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally

sufficient to establish that the complainant sustained a physical injury beyond a reasonable doubt (*see* Penal Law § 10.00 [9]; *People v Chiddick*, 8 NY3d 445, 447-448 [2007]; *People v Nelson*, 69 AD3d 762, 763 [2010]).

In fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

Contrary to the defendant's contention, he was not deprived of his right to the effective assistance of counsel (*see People v Baldi*, 54 NY2d 137, 147 [1981]; *see also Strickland v Washington*, 466 US 668 [1984]). Skelos, J.P., Covello, Hall and Sgroi, JJ., concur.