(January 9, 2014)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERTO DURAN, Appellant. [978 NYS2d 158]—

The court properly denied defendant's suppression motion. There is no basis for disturbing the court's credibility determinations, which are accorded great deference (*see People v Prochilo*, 41 NY2d 759, 761 [1977]).

The suppression court's restrictions on defendant's introduction of evidence were proper exercises of discretion, particularly in light of the fact that a suppression hearing is not a proceeding to determine whether a defendant is guilty or not guilty (*see People v DeJohn*, 239 AD2d 184, 185 [1st Dept 1997], *lv denied* 90 NY2d 904 [1997]; *see also People v Chipp*, 75 NY2d 327, 336-338 [1990], *cert denied* 498 US 833 [1990]). Defendant was permitted to establish that nowhere in any paperwork prepared by, or through an interview of, the arresting officer was there any mention of the officer's claim that defendant made an illegal U-turn. The officer also testified that he had no recollection of giving this information to the complaint room prosecutor. The omission having been amply demonstrated, further evidence on this subject would have been cumulative. As an alternative holding, we find any error in this regard was harmless. Concur—Gonzalez, P.J., Tom, Manzanet-Daniels and Feinman, JJ.