■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL JAEN, Appellant. [983 NYS2d 837]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Griffin, J.), rendered June 14, 2011, convicting him of robbery in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the evidence was legally insufficient to establish his guilt on the second count of robbery in the second degree because the People failed to establish that he inflicted physical injury to the complainant during the robbery (*see* Penal Law § 160.10 [2] [a]). This contention, however, is unpreserved for appellate review. The defendant did not specifically raise this issue before the trial court and he cannot rely on the argument made by his codefendant at trial (*see* CPL 470.05 [2]; *People v Gray*, 86 NY2d 10, 20 [1995]; *People v Buckley*, 75 NY2d 843, 846 [1990]; *People v Prahalad*, 295 AD2d 373 [2002]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish that the defendant caused "substantial pain" and, therefore, "physical injury" (Penal Law § 10.00 [9]) to the complainant. Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt on this count was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]). The evidence presented as to the nature of the complainant's injury, the manner in which the injury was inflicted, the motive behind the action, and the duration of the pain he suffered provided the jury with a sufficient basis to

infer that the complainant suffered "substantial pain" (Penal Law § 10.00 [9]; *see People v Chiddick*, 8 NY3d 445 [2007]; *People v Nelson*, 69 AD3d 762 [2010]; *People v Williams*, 69 AD3d 662 [2010]; *People v Stapleton*, 33 AD3d 464 [2006]; *see also People v Martinez*, 116 AD3d 983 [2014] [decided herewith]).

The defendant's contention that certain testimony constituted impermissible bolstering is also unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray*, 86 NY2d at 20). In any event, the testimony was properly admitted to complete the narrative of events that led to the defendant's arrest (*see People v Edwards*, 65 AD3d 1374 [2009]; *People v Vanier*, 255 AD2d 610 [1998]; *People v Stansberry*, 205 AD2d 317, 318 [1994]).

The defendant also failed to preserve for appellate review his contention regarding the admission of certain hearsay evidence (*see* CPL 470.05 [2]; *People v Gray*, 86 NY2d at 20). In any event, the claim is without merit, as the testimony at issue was admitted not for its truth, but to provide necessary background information to the jury (*see People v Tosca*, 98 NY2d 660 [2002]; *People v Bilal*, 79 AD3d 900 [2010]; *People v Valdez*, 69 AD3d 452 [2010]; *People v Flournoy*, 303 AD2d 762 [2003]).

The defendant's remaining contention is without merit. Dickerson, J.P., Hall, Roman and Cohen, JJ., concur.