— Appeal by the defendant from a judgment of the Supreme Court, Queens County (Griffin, J.), rendered June 14, 2011, convicting him of robbery in the second degree (two counts), upon a jury verdict, and imposing sentence.
Ordered that the judgment is affirmed.
The defendant contends that the evidence was legally insufficient to establish his guilt on either count of robbery in the second degree because the People failed to establish that he forcibly stole any property (see Penal Law § 160.10). However, since the defendant did not advance this argument with any specificity before the trial court, it is unpreserved for appellate review (see CPL 470.05 [2]; People v Hawkins, 11 NY3d 484, 492 [2008]; People v Gray, 86 NY2d 10, 19 [1995]; People v Kearney, 25 AD3d 622 [2006]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish that the defendant forcibly stole the complainant’s cell phone.
*984 Alternatively, the defendant argues that the evidence was legally insufficient to establish his guilt on the second count of robbery in the second degree because the People failed to establish that he inflicted physical injury upon the complainant during the robbery (see Penal Law § 160.10 [2] [a]). Again, however, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d at 621), we find that it was legally sufficient to establish that the defendant inflicted “substantial pain” and, therefore, “physical injury” (Penal Law § 10.00 [9]) upon the complainant. The complainant testified that the defendant, acting with another person, followed him, demanded his property, threatened to kill him, and then punched and kicked him in the face numerous times and for several minutes. The complainant fell to the ground, lost his glasses, sustained swelling and bleeding to his face, nose, and mouth, and later that night went to the hospital in pain (see People v Chiddick, 8 NY3d 445 [2007]; People v Nelson, 69 AD3d 762 [2010]; People v Williams, 69 AD3d 662 [2010]; People v Stapleton, 33 AD3d 464 [2006]). Notably, the testimony concerning the injuries sustained was corroborated by a police officer who arrived shortly after the incident (see People v Rambali, 27 AD3d 582 [2006]). Moreover, under the circumstances of this case, the jury could reasonably infer that the defendant intended to inflict as much pain as possible in order to cause the complainant to release his hold on his property (see People v Chiddick, 8 NY3d 445 [2007]; People v Williams, 69 AD3d 662 [2010]).
Finally, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt with respect to both counts of robbery in the second degree was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]). The minor discrepancies in the complainant’s testimony cited by the defendant were matters to be considered by the jury in assessing the complainant’s credibility (see People v Green, 107 AD3d 915, 916 [2013], lv denied 22 NY3d 1088 [2014]; People v Jordan, 44 AD3d 875, 876 [2007]). Dickerson, J.P, Hall, Roman and Cohen, JJ., concur.