▮ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL DOLLISON, Appellant. [24 NYS3d 672]—

Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Donnino, J.), rendered October 10, 2014, convicting him of assault in the second degree (two counts) and trespass, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The two complainants, both police officers, testified that they attempted to arrest the defendant and a struggle ensued. During the struggle, one officer suffered a sprained ankle and the other suffered a lumbar sprain. The defendant contends that the evidence was legally insufficient to prove that either police officer suffered a physical injury within the meaning of Penal Law § 10.00 (9), as required for his conviction of two counts of assault in the second degree (*see* Penal Law § 120.05 [3]). However, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish that each of the police officers suffered a physical injury within the meaning of Penal Law § 10.00 (9) while attempting to arrest the defendant (*see People v Chiddick,* 8 NY3d 445, 447 [2007]; *People v Kenner,* 77 AD3d 853, 853-854 [2010]; *People v Williams,* 69 AD3d 662, 662-663 [2010]). One officer was treated at the hospital for an ankle sprain, his ankle was placed in an aircast, and he was on crutches for one month and then had to use a cane. During that initial one-month period, his mobility was limited, he could not perform normal activities around the house, and he underwent physical therapy. The officer was out

of work for one month and then returned to work on light duty for approximately three months. Moreover, the officer testified that just before returning to work he was still in pain, which he described as a "7" out of "10." When he returned to full duty after four months, he still had pain in his ankle when he performed certain activities.

The other officer testified that he was treated at the hospital for a lumbar sprain. He underwent physical therapy, was prescribed muscle relaxers and pain medication, and was out of work for five to six months. During that time, he was unable to perform normal activities around the house and could not work out or lift weights. Under the circumstances, there was legally sufficient evidence that both police officers suffered impairment of their physical conditions and substantial pain, and, therefore, sustained a physical injury.

Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt as to the counts charging assault in the second degree was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633, 643 [2006]). Eng, P.J., Mastro, Cohen and Miller, JJ., concur.