■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAVAAS WEBSTER, Appellant. [34 NYS3d 502]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Mangano, Jr., J.), rendered March 28, 2014, convicting her of attempted assault in the first degree, assault in the second degree, menacing in the second degree (two counts), and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt of assault in the second degree beyond a reasonable doubt (Penal Law § 120.05 [2]). Contrary to the defendant's arguments, the evidence was legally sufficient to prove that the victim sustained "physical injury" within the meaning of Penal Law § 10.00 (9) (*see People v Chiddick*, 8 NY3d 445, 447 [2007]; *People v Martinez*, 116 AD3d 983, 984 [2014]). Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt as to the crime of assault in the second degree, including the "physical injury" element, was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633, 643 [2006]). The complainant was stabbed four times, visibly bleeding, and noted his pain level was "moderate." Furthermore, the complainant received medical treatment that included X rays, stitches, and pain medication. At trial, more than a year after the incident, the complainant testified that his arm feels "tingly" and has "nerve damage."

The defendant's contention that portions of the expert medical testimony were improperly admitted is without merit. The defendant was charged with, inter alia, attempted assault in the first degree, which requires proof that the defendant intended to inflict serious physical injury (*see* Penal Law § 120.10 [1]) and came dangerously near to doing so (*see* Penal Law § 110.00; *People v Kassebaum*, 95 NY2d 611, 618 [2001]). Here, the expert medical testimony regarding the proximity of vital bodily areas to the complainant's actual injuries and the potential medical consequences had those areas been damaged was relevant and probative to establish how dangerously close the defendant came to inflicting serious physical injury (*see People v Calas*, 134 AD3d 1043, 1045 [2015]), and did not unduly prejudice the defendant or mislead the jury (*see People v Harris*, 117 AD3d 847, 854 [2014], *affd* 26 NY3d 1 [2015]). The expert medical testimony was, therefore, properly admitted at trial.

The defendant's remaining contentions are without merit. Balkin, J.P., Miller, Hinds-Radix and Brathwaite Nelson, JJ., concur.