People v Palant (2019 NY Slip Op 07289)





People v Palant


2019 NY Slip Op 07289


Decided on October 9, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 9, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
ROBERT J. MILLER
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2018-04289
 (Ind. No. 522/16)

[*1]The People of the State of New York, respondent,
v
Jacob Palant, appellant.


Barket Epstein Kearon Aldea & LoTurco, LLP, Garden City, NY (Donna Aldea of counsel), for appellant.
Madeline Singas, District Attorney, Mineola, NY (Daniel Bresnahan and John B. Latella of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Meryl J. Berkowitz, J.), rendered March 26, 2018, convicting him of reckless endangerment in the first degree (two counts), assault in the first degree, assault in the second degree, and criminal mischief in the fourth degree (three counts), upon a jury verdict, and imposing sentence.
ORDERED that the judgment is modified, on the facts, by reducing the convictions of assault in the first degree and assault in the second degree to a conviction of assault in the third degree, and vacating the sentences imposed thereon; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Nassau County, for sentencing on the conviction of assault in the third degree.
In the afternoon of December 26, 2015, the defendant and a codefendant, Andrew Denton, threw bricks from a pedestrian overpass into traffic on the Meadowbrook Parkway. After leaving the overpass and eating dinner, the defendant and the codefendant returned to the overpass and threw more bricks into traffic. During this second round, three vehicles traveling on the Meadowbrook Parkway sustained damages. A passenger (hereinafter the victim) in one of the vehicles sustained injuries when a brick struck the windshield, causing the windshield to shatter and glass to enter her left eye. After a jury trial, the defendant was convicted of two counts of reckless endangerment in the first degree, one count of assault in the first degree, one count of assault in the second degree, and three counts of criminal mischief in the fourth degree.
"Upon [a] defendant's request, the Appellate Division must conduct a weight of the evidence review" and, thus, "a defendant will be given one appellate review of adverse factual findings" (People v Danielson, 9 NY3d 342, 348). "[W]eight of the evidence review requires a court first to determine whether an acquittal would not have been unreasonable. If so, the court must weigh conflicting testimony, review any rational inferences that may be drawn from the evidence and evaluate the strength of such conclusions. Based on the weight of the credible evidence, the court then decides whether the jury was justified in finding the defendant guilty beyond a reasonable doubt" (id. at 348). The court "act[s], in effect, as a second jury by rendering its own determination of the facts as proved at trial" (People v Kancharla, 23 NY3d 294, 302-303 [citation omitted]; see [*2]People v Delamota, 18 NY3d 107, 116-117; People v Romero, 7 NY3d 633, 644 n 2). If it appears that the factfinder failed to give the evidence the weight it should be accorded, then this Court may set aside the verdict and dismiss the accusatory instrument or any reversed count (see CPL 470.20[5]; People v Romero, 7 NY3d at 643-644; People v Mateo, 2 NY3d 383, 410).
The defendant contends, inter alia, that his convictions of assault in the first degree under Penal Law § 120.10(3) and assault in the second degree under Penal Law § 120.05(4) were against the weight of the evidence. Convictions of assault in the first degree under Penal Law § 120.10(3) and assault in the second degree under Penal Law § 120.05(4) require the People to prove, beyond a reasonable doubt, inter alia, that a victim sustained "serious physical injury." " Serious physical injury' means physical injury which creates a substantial risk of death, or which causes death or serious and protracted disfigurement, protracted impairment of health or protracted loss or impairment of the function of any bodily organ" (Penal Law § 10.00[10]; see People v Garland, 32 NY3d 1094, 1095).
To establish the element of serious physical injury, the People exclusively relied upon the victim's testimony and medical records pertaining to her eye injury. The victim testified that, when the windshield exploded, she noticed her face was bleeding. She sustained a cut on her lip and experienced extreme pain in her left eye. Upon being admitted to the hospital emergency room, the victim was eventually treated by an eye surgeon who, among other things, numbed her eye with drops and picked out shards of glass using tweezers. Her pain was treated with Motrin. Upon her release from the hospital that day, the victim was directed to wear an eye patch for a week. During that week, she had consistent blurry vision in her left eye. After a week, her vision "got better," but was still intermittently blurry. The victim returned to the hospital every other day for two weeks for continued treatment. At the time of trial, "[m]aybe like twice a week," she still experienced blurry vision and felt "mild discomfort" in her left eye. On these occasions, she would treat her eye with drops.
Before the incident, the victim had not experienced blurry vision in her left eye. She testified that her overall vision worsened since the incident, and that she has a permanent scar on her cornea. At the time of trial, the victim visited the doctor every six months for evaluation of her corneal scar. She acknowledged, however, that before the incident, she wore eyeglasses. The medical records indicated that she had been diagnosed and treated for an eye condition, blepharitis. The medical records further indicated that, in a follow-up visit in February 2016, the victim reported no pain or change in vision. Notably, the People did not proffer any medical testimony to interpret and explain the medical records; explain the nature, severity, and prognosis of the victim's eye injury; or to explain whether any preexisting eye condition or conditions were affected by the incident, or whether any such preexisting eye condition was a cause of any of her current complaints (see People v Webster, 140 AD3d 1196, 1197; People v Ham, 67 AD3d 1038, 1040).
Upon the exercise of our factual review power, we conclude that the verdict convicting the defendant of assault in the first degree and assault in the second degree was against the weight of the evidence. Given the lack of medical testimony to explain the nature of the victim's eye injury, an acquittal on the charges of assault in the first degree and assault in the second degree would have been reasonable. Giving appropriate weight to the evidence submitted on the issue of " [s]erious physical injury,'" we conclude that the jury was not justified in finding that the People proved, beyond a reasonable doubt, that the victim's eye injury created a substantial risk of death or constituted a "serious and protracted disfigurement, protracted impairment of health or protracted loss or impairment of the function of any bodily organ" (Penal Law § 10.00[10]; see People v Mazariego, 117 AD3d 1082, 1083; People v Sudol, 89 AD3d 499, 500; People v Adames, 52 AD3d 617; People v Castillo, 199 AD2d 276, 277). Nevertheless, given that the victim sustained " [p]hysical injury,'" i.e., "impairment of physical condition or substantial pain" (Penal Law § 10.00[9]), we reduce the convictions of assault in the first degree and assault in the second degree to a conviction of assault in the third degree (see Penal Law § 120.00[2]; People v Philips, 120 AD3d 1266, 1267-1268), and vacate the sentences imposed upon the convictions of assault in the first degree and assault in the second degree. We remit the matter to the Supreme Court, Nassau County, for sentencing on the conviction of assault in the third degree.
The defendant's contentions that certain counts in the indictment as charged to the jury were multiplicitous, and that the Supreme Court's jury charges were confusing or erroneous are unpreserved for appellate review, and, under the circumstances of this case, we decline to reach them in the exercise of our interest of justice jurisdiction (see CPL 470.05[2]; People v McClean, 137 AD3d 940, 942; People v Jerry, 126 AD3d 1001, 1002; People v Nash, 77 AD3d 687).
The defendant's remaining contentions need not be reached in light of our determination.
AUSTIN, J.P., MILLER, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court