■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v PATSY MITCHELL, Respondent.—Order, Supreme Court, New York County (Patricia Anne Williams, J.), entered on the record in open court on July 11, 1991, followed by written decision entered on or about October 3, 1991, dismissing the indictment, unanimously reversed, on the law, the indictment is reinstated, and the matter remanded for further proceedings.

Defendant admitted to arresting officers that she had fatally stabbed her husband. The knife was recovered by the police, and a medical examiner corroborated the cause of death. Based on this evidence, the grand jury returned an indictment charging manslaughter in the first degree. The sufficiency of evidence before the grand jury is not seriously challenged. Nonetheless, the court dismissed the indictment on the ground

that defendant's exculpatory versions of the incident had not been presented to the grand jurors, nor had that jury been instructed on the law applicable to justification.

Defendant gave the police, and later the prosecutor, several contradictory versions of the incident: she admitted that she had stabbed her husband; she admitted stabbing her husband but claimed that he had attacked her; she claimed that the victim was accidentally stabbed during a struggle; and, finally, she twice denied stabbing the victim altogether. The grand jury heard evidence of only defendant's inculpatory admissions.

Criminal Term erred in concluding that the People were required to present any of defendant's separate exculpatory statements to the grand jury, because they constituted inadmissible hearsay. Evidence is admissible in the grand jury only if it would be admissible at trial (see, CPL 190.30 [1]). Defendant's self-serving exculpatory statements made outside of the courtroom are inadmissible hearsay (People v Smalls, 111 AD2d 38, lv denied 65 NY2d 987). Nothing in any of those statements, nor anything else in the record, provided a predicate for instructions on the law of justification in defendant's resort to the use of deadly force (Penal Law § 35.15 [2]). Concur—Sullivan, J. P., Ellerin, Wallach and Rubin, JJ.