An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

ELINOR MALANSING INDICO,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
STEFANY MILEY, DISTRICT JUDGE,
Respondents,
  and
THE STATE OF NEVADA,
Real Party in Interest.

No. 65211

**FILED**

JUN 1 6 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## *ORDER DENYING PETITION*

This original petition for a writ of prohibition or mandamus challenges a district court order denying a pretrial petition for a writ of habeas corpus in which petitioner argued that the State violated NRS 172.145(2) by not providing exculpatory evidence of self-defense to the grand jurors. Petitioner is charged with murder with the use of a deadly weapon, manslaughter by killing an unborn quick child, and child abuse, neglect, or endangerment in connection with the stabbing death of her pregnant sister-in-law in the presence of the victim's young son. NRS 172.145(2) obligates a prosecutor to disclose any known evidence that will explain away the charge. Petitioner argues that the prosecutor improperly excluded from the grand jurors' consideration evidence showing self-defense, specifically, (1) her statement in a 911 call that the victim had stabbed her, (2) her statement to a neighbor that the victim stabbed her, and (3) medical evidence that the stab wounds to her

14-19727

abdomen (a shallow stab wound and a nick to her intestine) and a stab wound to her thumb were consistent with her claims of self-defense, and (4) her multiple statements to the police that the victim stabbed her and she acted in self-defense.

To secure an indictment, the State must present sufficient evidence showing probable cause that the accused committed the alleged offense. *Sheriff v. Burcham*, 124 Nev. 1247, 1258, 198 P.3d 326, 333 (2008). That probable cause determination "may be based on slight, even 'marginal' evidence." *Sheriff v. Hodes*, 96 Nev. 184, 186, 606 P.2d 178, 180 (1980). The grand jury is limited to receiving "none but legal evidence, and the best evidence in degree, to the exclusion of hearsay or secondary evidence." NRS 172.135(2). And, while "the State is not required to negate all inferences which might explain [an accused's] conduct," *Kinsey v. Sheriff*, 87 Nev. 361, 363, 487 P.2d 340, 341 (1971), it is obligated to present to the grand jury any known evidence that "will explain away the charge." NRS 172.145(2). The phrase "explain away the charge" within the context of a grand jury proceeding means explain away the slight or marginal evidence supporting at least one element of the charge. *See State v. Cameron*, 113 P.3d 687, 690 (Alaska Ct. App. 2005) (ascribing a narrow definition to exculpatory evidence that strikes a balance between the grand jury's function to "authorize the trial of a defendant when the government has established a probability of the defendant's guilt" and to shield an accused from an unjust prosecution) *rev'd on other grounds*, 171 P.3d 1154 (Alaska 2007); *Cathey v. State*, 60 P.3d 192, 195 (Alaska Ct. App. 2002) (explaining that the prosecution's obligation to apprise the grand jury of exculpatory evidence embraces only "evidence that tends, in

and of itself, to negate the defendant's guilt" (internal quotation marks omitted)); *see also Sheriff v. Frank*, 103 Nev. 160, 165, 734 P.2d 1241, 1244 (1987) (recognizing that the grand jury's mission is "to clear the innocent, no less than to bring to trial those who may be guilty" (internal quotation marks omitted)).

Petitioner argues that statements in her 911 call and to a neighbor that the victim stabbed her satisfy the excited-utterance exception to the hearsay rule, *see* NRS 51.095 (providing that "[a] statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition is not inadmissible under the hearsay rule"), and therefore could be considered by the grand jury. Even accepting that premise, we conclude that those statements are not exculpatory under NRS 172.145(2), as they do not explain away the charges. Neither does medical evidence regarding petitioner's injuries. Moreover, the grand jury was presented with evidence that she sustained stab wounds to her abdomen and thumb. Petitioner's statements in a 911 call and to a neighbor do not in and of themselves explain away or negate the slight or marginal evidence supporting the elements of the charge. Evidence that the victim stabbed petitioner, alone, would not preclude a probable cause determination that petitioner committed first-degree murder. *See* NRS 200.030(1) (defining first-degree murder, in relevant part, as a "willful, deliberate and premeditated killing"). Further, petitioner's non-life-threatening stab wounds do not explain away the charge as those wounds could have been inflicted by means other than self-defense. Finally, self-exculpating statements are inherently suspect in their trustworthiness, *see Williamson*

*v. United States*, 512 U.S. 594, 600 (1994) (observing that "[s]elf-exculpatory statements are exactly the ones which people are most likely to make even when they are false").

Regarding petitioner's statements to the police that the victim stabbed her and that she acted in self-defense, those statements are not exculpatory for the reasons explained above. *See United States v. Camacho*, 163 F. Supp. 2d 287, 308 (S.D.N.Y. 2001) ("Statements to police and prosecutors by criminal suspects or defendants are not considered to be reliable, because the declarant generally wants to obtain favorable treatment; [defendant's] statements to the police were especially unreliable because they were self-exculpatory."). In addition, they constitute hearsay and she has not demonstrated that they are admissible under any exception to the hearsay rule. *See* 51.035; *United States v. Ferrell*, No. 11 CR 595, 2013 WL 2636108, at *5 (N.D. Ill. June 12, 2013) (concluding that "[a] party's self-serving, exculpatory, out-of-court statement generally constitutes inadmissible hearsay" and therefore "[d]efendant[ ] may only elicit testimony regarding any exculpatory statements if there is an applicable exception to the hearsay rule that would permit their admission"); *People v. Mitchell*, 583 N.Y.S.2d 432, 433 (App. Div. 1992) (concluding that defendant's self-serving exculpatory statements to the police were inadmissible hearsay and because the grand jury may only consider evidence admissible at trial, the prosecution was not required to present the statements to the grand jury), *aff'd*, 626 N.E.2d 630 (N.Y. 1993).

Because we conclude that petitioner has not demonstrated that the district court manifestly abused its discretion or exercised its

discretion in an arbitrary or capricious manner, *see State v. Eighth Judicial Dist. Court (Armstrong)*, 127 Nev. ___, ___, 267 P.3d 777, 780 (2011) (defining manifest abuse of discretion and arbitrary and capricious exercise of discretion), we

ORDER the petition DENIED.[1]



_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Saitta

---

[1]Petitioner relies on our decision in *Schuster v. Eighth Judicial Dist. Court*, 123 Nev. 187, 160 P.3d 873 (2007), to support her claim the prosecution was required to present evidence of self-defense to the grand jury. However, in that case, we were faced with the question of whether a prosecutor must explain the law of self-defense to the grand jury and concluded that NRS 172.145(2) imposed no such obligation. Our holding was premised on the fact that the prosecutor introduced the defendant's videotaped interview in which the defendant made inculpatory statements but also told the police that he fired a gun at the victim because the victim was "coming at him" and that he did not intend to shoot the victim. We have not expressly addressed whether a prosecutor's obligation under NRS 172.145(2) to present exculpatory evidence encompasses evidence of self-defense, and, because we conclude that the challenged evidence here is not exculpatory, we need not resolve that question.

We deny petitioner's Motion for Leave to File Supplemental Brief and an Additional Appendix in Support of Petition for Writ of Mandamus. The clerk shall reject the documents received via E flex on May 28, 2014.

cc: Hon. Stefany Miley, District Judge
Clark County Public Defender
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A